RICHARD ALLEN HUBBARD *v.* STATE OF MARYLAND

[No. 289, Initial Term, 1967.]

366

*Decided November 10, 1967.*

The cause was argued before Murphy, C. J., and Anderson, Morton, Orth, and Thompson, JJ.

*Robert F. Freeze* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James B. Dudley, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The Appellant, Richard Allen Hubbard, was convicted of rape, without capital punishment, by a jury in the Criminal Court of Baltimore, and sentenced to serve twenty years in the Maryland Penitentiary.

According to the twenty year old prosecuting witness, she was standing on a street corner at approximately 8:30 p.m. on April 7, 1965, after attending night school, awaiting bus transportation to her home when Hubbard "grabbed" her, placed what she thought, and he said, was a gun at her waist, and asserted that he would kill her if she made an outcry or refused to accompany him. After being required to walk several blocks, during which, on two occasions she had screamed at the top of her voice in an unsuccessful effort to attract help, they arrived at the rear of an unlighted alley. She testified that Hubbard continued his threats to kill her; forced her to completely disrobe and after completely disrobing himself, "he attempted it [intercourse] four times and succeeded once." From time to time, during this period of fifteen to thirty minutes, "he got me around the neck and he was going to choke me, and just told me to do it or he would kill me." In an effort to extricate herself from the situation, she decided, as a ruse, to invite him to her apartment to spend the night and he readily agreed. After putting their clothes on, they hailed a cab and proceeded to the apartment where she lived with her parents. The apartment was over a pharmacy owned and operated by her father.

As they alighted from the cab after reaching their destination, the prosecuting witness encountered a friend whom she immediately asked to "get the pharmacist." Two pharmacists quickly came out of the pharmacy and apprehended Hubbard as he was forcing her to walk around the corner. They held him until the police arrived and took him into custody. Both pharmacists were permitted, over objection, to testify that, as they approached Hubbard and the prosecuting witness, she was endeavoring to elude his grasp and that she said, "He raped me." One of the pharmacists was also permitted, over objection, to testify that Hubbard, while being held for the police, "said that he knew he had done wrong."

In this appeal, the Appellant raises multiple issues. He contends that the lower court erred in refusing to order stricken the answers to a number of leading questions propounded by the State's Attorney to the prosecuting witness and in not granting the Appellant's motion for mistrial because of the leading questions.

We have carefully examined the entire transcript of the testimony and it would appear, as the trial judge conceded, that the State was permitted a certain latitude in posing leading questions. However, we agree with the trial judge that they were not of such a nature or permitted under such circumstances as to result in prejudice or unfairness to the Appellant. It is, of course, elementary that leading questions on direct examination should ordinarily be avoided. 3 Wigmore on Evidence, Third Edition, Section 769. On the other hand, the permissibility of leading questions is primarily within the sound discretion of the trial judge, and his judgment in this respect will not be overturned on appeal unless there has been such an abuse of his discretion as to prejudice the rights of the accused to a fair trial. As this Court said in *Culver v. State,* 1 Md. App. 406 (at p. 412) :

> "* * * leading questions are permissible to arrive at facts when modesty or delicacy prevents full answers to general interrogations and * * * rape cases, involving inquiry into delicate subjects of a sexual nature, constitute an exception to the general rule against leading questions. In such cases, the permitting of leading questions of the prosecutrix, particularly if she is of tender years, is a matter of sound discretion of the trial court,"

The Appellant also complains that his motion for a mistrial should have been granted because of a reference by the State to the Appellant's prior trial which had been set aside on the basis of *Schowgurow v. State,* 240 Md. 121. It is apparent from the record that the reference to the prior trial was a result of asking the prosecuting witness on cross-examination by the Appellant to explain a discrepancy between her testimony at the first and second trial. In any event, there was clearly no prejudice

to the Appellant and we find the contention to be without merit.

The Appellant next complains that there was error in permitting the physician who examined the prosecuting witness to describe certain stains which he found upon her neck, face and back. Specifically, he said: "I would say they were linear blurs, as if this black greasy stain had been drawn across the area with fingers or some such—"

We find no error or prejudice to the Appellant in allowing the doctor to so describe his observations, particularly when pictures showing the greasy substance on other parts of her body were in evidence and the jury could draw its own conclusions from viewing them.

The doctor, having testified that at the time he examined the prosecuting witness she "apparently, was starting her menstrual period," was then asked, "what, if any, psychological barriers * * * there may be from the point of view of a female engaging in sexual relations who is experiencing menstruation?" Over objection, he was permitted to answer, "Generally speaking, a woman does not wish to engage in sexual intercourse during her period." The Appellant contends that although the physician specialized in Obstetrics and Gynecology, he was not qualified to express this opinion as to such "psychological barriers." In our opinion, the physician was fully qualified to express his opinion on this subject and, accordingly, the lower court did not commit error in permitting him to so testify. See *Sherrod v. State,* 1 Md. App. 433, 438.

Likewise, we find no merit in the Appellant's contention that it was error to permit a witness for the State to refresh his recollection by reading a statement he had given to the police shortly after the occurrence of the event which he had described in the statement. There was no effort by the State to impeach the witness or to introduce the statement into evidence, and under the circumstances there was no harm in permitting him to look at the statement in order to refresh his recollection of the event he was endeavoring to describe in his testimony. *Scott v. State,* 1 Md. App. 481, 494; 3 Wigmore on Evidence, Third Edition, Sections 734, 748.

The contention that it was error to permit the pharmacists to testify that the prosecuting witness told them that Hubbard

had raped her is without merit. Not only was the statement made in Hubbard's presence, but his defense was that she had consented. It has been consistently held that the complaint of a rape victim made within a reasonable time under the circumstances is received as original evidence. *Shoemaker v. State,* 228 Md. 462; *Culver v. State, supra,* p. 414.

In our opinion, under the circumstances of this case, the complaint was made within a reasonable time and therefore the testimony was admissible.

The Appellant next complains that the admission into evidence of the pharmacist's testimony that Hubbard said "he knew he had done wrong," violated the Constitutional privileges available to him under *Escobedo v. Illinois,* 378 U. S. 478, and *Miranda v. Arizona,* 384 U. S. 436.

He argues that his detention by the pharmacists, who were awaiting the arrival of the police, amounted to taking him into custody and therefore, anything he said was inadmissible becuse the rules of *Escobedo* and *Miranda* were not followed. We disagree.

This was not, in the sense of *Escobedo* and *Miranda,* a custodial interrogation and the tenets therein laid down are in no wise applicable. *Gaudio v. State,* 1 Md. App. 455.

Finally, it is contended that the evidence was legally insufficient to sustain the conviction. For this Court to reverse a jury's verdict of guilty on the ground of insufficiency of the evidence, it is necessary that we find that there was no legally sufficient evidence, or reasonable inferences therefrom, from which the jury could find an accused guilty beyond a reasonable doubt. *Royal v. State,* 236 Md. 443, 448; *Coates v. State,* 232 Md. 72, 74.

In our opinion, there was ample evidence legally sufficient to support the jury's finding that the Appellant was guilty beyond a reasonable doubt.

Set forth in the brief, without argument thereon, are five additional questions which the Appellant apparently insisted upon raising. They were not raised in the Court below and, therefore, are not properly before us. Md. Rule 1085. In any event, the contentions are without merit.

### 1 and 2

There is no evidence to support the Appellant's contentions that (1) the indictment is invalid because it is a carbon or photostatic copy of the original indictment which was dismissed under *Schowgurow;* or that (2) the State did not present any testimony "to a properly constituted Grand Jury to this indictment." *Smith v. State,* 240 Md. 464.

### 3.

His assertion of a denial of speedy trial is without merit since there is no showing that he demanded a speedy trial. *State v. Long and Nelson,* 1 Md. App. 326.

### 4.

He was not placed in double jeopardy since his first trial was invalidated on the basis of *Schowgurow. Tate v. State,* 236 Md. 312; *Sadler v. State,* 1 Md. App. 383.

### 5.

He was not placed in double jeopardy since his first trial of his arrest without a warrant there was ample evidence of probable cause to believe that a felony had been committed and that it had been committed by the Appellant. *Stackhouse v. State,* 1 Md. App. 399, 405.

*Judgment affirmed.*