## CHARLES DANIEL CORNWELL *v.* STATE OF MARYLAND

[No. 67, September Term, 1968.]

180

Decided March 4, 1969.

John K. Keane, Jr., for appellant.

Henry J. Frankel, Assistant Attorney General, with whom were Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County, and James H. Taylor, Assistant State's Attorney for Prince George's County, on the brief, for appellee.

Anderson, J., delivered the opinion of the Court.

The appellant, Charles Daniel Cornwell, was convicted of burglary and robbery with a deadly weapon in a jury trial in the Circuit Court for Prince George's County, Judge William B. Bowie presiding. A charge of assault and battery was tried at the same time and the appellant was also convicted of that charge.

At a hearing on the appellant's petition for post conviction relief, the Circuit Court for Prince George's County vacated

judgment in the assault and battery case on the grounds of double jeopardy,[1] and granted the appellant a late appeal on the other charges.

On the evening of July 13, 1965, the appellant and one William Joe Sadler came to the apartment of Howard B. Shartzer at 7402 Landover Road, Prince George's County, and knocked at the door. The State's witnesses, Elsie Elizabeth Shartzer and Howard B. Shartzer, testified that when Mrs. Shartzer answered the knock, the appellant and his companion forced their way into the apartment, Sadler brandishing a gun, Cornwell threatening Mrs. Shartzer with a knife, and demanded Mr. Shartzer's wallet, from which they took $8.00. The appellant contended that he and Sadler went to the Shartzers' apartment to collect a debt owed by Mr. Shartzer, a painting foreman, to Charles Raymond Saunders, a friend of the appellant who waited in an automobile outside, and that no threats or violence were used. Cornwell, Sadler and Saunders were arrested together in a white Oldsmobile, near Forestville, Maryland, approximately one hour after the incident in the Shartzers' apartment.

At trial, the arresting officers were called as witnesses by the defense, apparently in an effort to prove that the knife allegedly used by the appellant and the $8.00 reported taken from Mr. Shartzer's wallet were not found in or near the automobile.

Officer Rodney E. Proctor testified that he was one of the arresting officers who stopped the vehicle in which appellant was seated. The automobile was occupied by Cornwell, Sadler and Saunders. He searched the occupants of the car but found nothing. He observed a one dollar bill on the rear seat of the vehicle. Shortly thereafter Corporal John Sellner arrived at the scene and searched the general area near the scene of the apprehension. Officer Proctor testified that Corporal Sellner found a toy pistol, automatic type, and some money, roughly $65 or

---

1. Appellant had previously been tried for the same offenses. Because of the decision in *Schowgurow v. State,* 240 Md. 121, two of the indictments had been dismissed after the appellant had been found guilty but before being sentenced. A third indictment (charging assault and battery) was disposed of upon the granting of a Motion for a Judgment of Acquittal.

$67. Called as a witness for the defendant, Corporal Sellner testified on direct examination that he responded to the scene as a result of a general lookout. When he arrived he found appellant and two others in addition to the arresting officers. He searched the general area and found $59 in U. S. currency scattered about the ground at the intersection of Boone's Lane and Old Marlboro Pike plus a toy type revolver and a one dollar bill lying loose in the vehicle involved. On direct examination by the attorney for the appellant, Officer John E. Sellner testified concerning the arrest as follows:

"Q. You say you found $59.00, plus one?

"A. Plus one.

"Q. Did that exactly equal the sum that you were looking for as a result of a lookout?

"A. Well, we had no set, prescribed amount in the lookout, just had a report of a crime.

"Q. Subsequent information was that was the amount of the crime?

"A. Later it turned out it was the amount.

"Q. The exact amount?

"A. That's what I understand."

On cross-examination, the assistant State's attorney asked Officer Sellner what crime he referred to. Attorney for the appellant objected that the question went beyond the limits of the direct examination, and was overruled. The officer subsequently testified that he had been given a description of a vehicle and tag number wanted for a holdup of the Forestville Sunoco Station.[2] On redirect examination by the attorney for the appellant, he further testified that $60.00 was the amount later determined to have been taken from the filling station.

During closing argument the assistant State's attorney referred to the Shartzers' report to the police that they observed a light colored Oldsmobile leaving the parking lot outside their apartment and made reference to the fact that there had been a robbery down at some Sunoco station in Forestville. The at-

---

2. The appellant was indicted for this crime, and the indictment was nolle prossed by the State after sentencing in the present case.

torney for the appellant objected, whereupon the court admonished the jury as follows:

The Court: "It's in the testimony. But since the point is brought up, I would say to the jury at this time that as far as any testimony regarding any other crime having occurred at or about the time prior to the apprehension of the defendant should be disregarded with respect to the guilt or innocence of the defendant for this particular crime that he is now charged with. Any occurrence up at the Sunoco station would not be considered as to his guilt or innocence in this particular case."

I

On appeal, appellant contends that it was prejudicial error for the court below to allow the admission of evidence of a crime other than the ones charged in the indictments.

The appellant hazarded the strategy of calling the arresting officers as defense witnesses. On direct examination of Officer Sellner, appellant referred to a police lookout for a crime and induced the witness to specify that he had found $60.00. After his own objection to the specific reference to the holdup at the Sunoco station, on redirect examination he elicited from the officer further reference to the exact amount of money supposed to have been "missing in the filling station."

The general rule is that proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged. *Wethington v. State,* 3 Md. App. 237, 238 A. 2d 581 (1968); *Huber v. State,* 2 Md. App. 245, 234 A. 2d 264 (1967); *Gorski v. State,* 1 Md. App. 200, 228 A. 2d 835 (1967). The rule is not without exceptions, however, so that the prior conviction may be shown when it tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and (5) the identity of the person charged with the commission of a crime on trial. *Wents v. State,* 159 Md. 161, 164, 150 Atl. 278 (1930); *Cothron v.*

*State,* 138 Md. 101, 113 Atl. 620 (1921); *Gorski v. State, supra; Hayes v. State,* 3 Md. App. 4, 237 A. 2d 531 (1968).

It could well be that such evidence would be admissible under a common scheme or plan embracing the commission of two or more crimes so related. However, where counsel for the appellant took his chances in soliciting testimony of another crime, hoping to obtain evidence useful to the defense, the fact that cross-examination on this point proved prejudicial to the appellant would not provide grounds for a valid complaint, since it was within the proper scope of examination on matters introduced on direct testimony. In *Bork v. State,* 4 Md. App. 404, 243 A. 2d 647 (1968), we held that the appellant could not object to answers introduced by himself on cross-examination and not by the State. The appellant was bound by the trial strategy of his attorney. *Gaudio and Bucci v. State,* 1 Md. App. 455, 230 A. 2d 700 (1967); *Martelly v. State,* 230 Md. 341, 187 A. 2d 105 (1963).

Furthermore, the presiding judge cautioned the jury that they were not to consider reference to the other crime in determining the guilt or innocence of the accused.

## II

The appellant next contends that the trial court erred 1) when, over the objection of the appellant, it allowed the State's witnesses to give conclusions as to what the appellant was trying to do as he entered the Shartzers' apartment, and to characterize him as a "robber," 2) when the prosecutor was allowed to ask irrelevant questions of the appellant regarding his knowledge of the route back to Washington, D. C. from the Shartzers' home, 3) when the court overruled defense counsel's objection to an unresponsive answer of a witness, and 4) when the court permitted the prosecution to ask leading questions on direct examination. We find no merit in the first allegation. Reference to the word "robbers" was brought out on cross-examination of Mr. Shartzer by the appellant. In answer to the question "And they came into your place at quarter to twelve?" he answered, "The robbers did, yes, they were in my house a half an hour." There is no merit to appellant's second allegation that the prosecutor was allowed to ask irrelevant

questions of the appellant regarding his knowledge of the route back to Washington, D. C. from the Shartzer home. It was proper cross-examination and within the sound discretion of the trial court. Neither allegations three or four have merit, and were matters within the sound discretion of the trial court and show no such abuse of discretion as to prejudice the rights of the accused to a fair trial. *Hubbard v. State,* 2 Md. App. 364, 234 A. 2d 775 (1967) ; *Lawrence v. State,* 103 Md. 17, 63 Atl. 96 (1906).

### III

Maintaining that the evidence is insufficient to justify the convictions as a matter of law, the appellant argues that the court below erred in overruling his Motion for Judgments of Acquittal. This contention is based on an alleged inconsistency of the testimony of Mrs. Shartzer concerning the assault on her person, with her testimony at the previous trial of the appellant on the same charges. The transcript of the previous record was not introduced into evidence. Mr. Shartzer testified on direct examination, "Well, my wife and I tried to hold the door closed, but they were pushing it inwards all the time. And, of course, I slipped on the rug and they got into my apartment." While there may be some inconsistencies in Mrs. Shartzer's testimony, both Mr. and Mrs. Shartzer testified unequivocably that the appellant and his companion forced their way into the apartment, that the appellant held Mrs. Shartzer at knife point, and that the intruders demanded money from Mr. Shartzer who surrendered his wallet from which $8.00 was taken. The testimony of the victims is sufficient to support a conviction, if believed. *Sutton v. State,* 2 Md. App. 639, 236 A. 2d 301 (1967).

Appellant took the stand in his own behalf and categorically denied the testimony of both Mr. and Mrs. Shartzer. He testified that he went with Sadler to the Shartzers' apartment but only to collect money owed his friend Saunders. He denied that they forced their way into the apartment, but avers they knocked and were admitted.

Since this case was a jury trial, this Court does not weigh the evidence presented to the jury but only determines its sufficiency to take a particular issue or the entire case to the jury. To set aside a jury's verdict we must be able to say that there

was no legally sufficient evidence from which the jury could have found him guilty beyond a reasonable doubt. *Veney v. State,* 251 Md. 182, 201 and cases therein cited. We find sufficient evidence to sustain the jury's verdict.

## IV

The appellant also contends that the offenses of burglary and robbery are inconsistent, so that he should not have been convicted of both. He maintains that burglary has stealth as an essential ingredient, while robbery is an open confrontation of a person. The elements of common law burglary do not include stealth, being "a breaking and entry, in the night time, of a dwelling house of another with the intent to commit a felony therein." *Kier v. State,* 216 Md. 513, 140 A. 2d 896 (1958). Robbery relates to the taking of property from a person by means of actual or implied force, while burglary has to do with breaking and entering of a dwelling with the intention to commit a felony therein. *Kier v. State, supra.* The offenses of burglary and robbery are not identical, but neither are they inconsistent. *Williams v. State,* 205 Md. 470, 109, A. 2d 89 (1954). The appellant could properly be convicted of both.

## V

Finally, the appellant contends the lower court committed reversible error in allowing the jury to consider the charges of burglary and robbery along with the charge of assault, for which he had previously been acquitted in a pre-*Schowgurow v. State,* 240 Md. 121, trial. At the outset of the present proceeding the State moved to consolidate the burglary, robbery and assault trials, all of which derived from the same incident. The attorney for the appellant was asked by the court, "Do you have any objection?", and he replied, "No objection." The question was never raised during trial, and consequently is not before this Court for review. Maryland Rule 1085.

One of the elements of robbery is the use of force, real or implied, against a person. Therefore, all testimony relating to the assault on Mrs. Shartzer was relevant to the charge of robbery and was properly considered by the jury as an element of that crime, so that the appellant could not have been prejudiced

by its inclusion. The allegation of double jeopardy has become moot, since judgment on the assault charge was vacated as a result of a post conviction proceeding.[3]

*Judgments affirmed.*

---

**3.** Questions raised in proper person by the appellant on his brief have been covered in substance in the above opinion.