ELLIS RICHARD DOUGLAS, JR. *v.* STATE
OF MARYLAND

[No. 552, September Term, 1969.]

*Decided July 7, 1970.*

648

The cause was submitted to MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Samuel A. Tucker* (*John D. Hackett* on the brief) for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph E. Rosenblatt, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

By indictment 1089 Ellis Richard Douglas, Jr. was charged with the robbery of Rachel D. DeShields with a deadly weapon (1st count), the attempt to rob her with a deadly weapon (2nd count), the robbery of her (3rd count), assaulting her with intent to steal (4th count), the assault upon and battery of her (5th count), the grand larceny of her monies (6th count), and receiving more than $100 stolen from her (7th count). When the indictment came on for trial in the Criminal Court of Baltimore, appellant pleaded not guilty and elected to be tried by a jury. Before the jury was empanelled the State entered a *nolle prosequi* to each of counts one and two.[1] At the close of all the evidence appellant moved for a judgment of acquittal on all counts. The court granted the motion as to the 4th and 7th counts. Appellant also moved for a mistrial and that motion was denied. The jury found appellant guilty of the offense charged in the third count.

The evidence adduced by the State tended to show that appellant came into the collection department of the C. & P. Telephone Company at 320 St. Paul Street in Baltimore City, handed Jane Mary Lambden, an employee of the company, a brown paper bag and told her to fill it with money. She thought he was joking and turned to a fellow employee sitting next to her, Rachel D. DeShields, and asked if Mrs. DeShields knew the man. The man said, "This isn't any joke, just put the money in." She did so and handed the bag to Mrs. DeShields who turned it over to the robber. He asked if there was anyone in the back and was told the supervisor was there. He went to the back of the office, asked an employee, Ethel Wilson Owens, if he could see the manager and

---

1. It also requested that the remaining counts be renumbered, count 3 to become count 1, etc. This request was refused on objection. Prior to the entering of the *nolle prosequi* to counts one and two the State moved that the name of "Rachel D. DeShields" be deleted wherever it appeared in the indictment and the name "Tim Boone" be inserted in lieu thereof. The motion was denied upon objection.

when told he could not, said, "This is a stick-up", pulled a gun and entering the "cage area" where Timothy Boone, the supervisor, was balancing out the receipts from one of the tellers, said, "This is a stick-up, everybody just be cool." Boone gave him two envelopes containing about $2200 and the robber left. On his way out Mrs. DeShields observed the two envelopes, one of which he dropped and immediately picked up.

The ground for the motion for mistrial was that since the offenses for which appellant was on trial only involved Rachel D. DeShields no evidence relating to the robbery of Boone, particularly since that robbery was with a deadly weapon, should have been received nor should testimony been elicited from Boone or Miss Bell or Mrs. Owens. He urges that only evidence directly relating to the robbery of Mrs. DeShields should have been admitted. The contention could be disposed of on "simply this and nothing more"—that the motion for mistrial at the close of all the evidence came too late. The evidence now challenged having been elicited and received without objection at the time objection to its admissibility was apparent, objection to it was treated as waived. Maryland Rule 522 d 2. But in any event we think it was properly admissible. We think it obvious the general rule that proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged, see *Cornwell v. State*, 6 Md. App. 178, 183, cannot be applied here to preclude the evidence as appellant desires. Appellant's conduct throughout the course of his activities in the telephone office is admissible, if for no other reason, because they fall squarely within the exceptions to the general rule as set out in *Cornwell*. They tend to establish a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; the criminal agency of appellant with respect to the crime charged; the absence of mistake or accident; and, that

appellant's intent was to rob Mrs. DeShields. Appellant's conduct which did not involve a direct dealing with Mrs. DeShields was nevertheless so connected with the crime he was charged with committing with regard to her as to have a natural tendency to establish the fact at issue. Thus it met the "real test" of admissibility and it was not error to admit it. See *MacEwen v. State,* 194 Md. 492, 500-501, quoting *Callahan v. State,* 174 Md. 47, 53.

Appellant appears to base his contention that the court erred in denying his motion for judgment of acquittal on the same basis as he does his contention as to the denial of the motion for a mistrial. As we have found that the evidence now challenged was properly admissible, the argument provides no more substantial basis for the one than it does for the other. But in any event, we have not the slightest difficulty in determining that the evidence before the court was sufficient in law for the jury to find beyond a reasonable doubt that Mrs. DeShields was robbed and that it was appellant who robbed her. Therefore, the court did not err in denying the motion for judgment of acquittal. *Williams v. State,* 5 Md. App. 450.

Sergeant John R. Conroy, assigned to the "Hold Up Squad of the Criminal Investigation Division" of the Baltimore City Police Department testified on direct examination regarding pretrial procedures for identification of appellant from photographs. On cross-examination defense counsel asked to see the photographs the officer showed the three witnesses. Conroy replied that he did not have them and defense counsel asked, "Who does?" Conroy answered, "They should be in Annapolis in the Court of Appeals to my knowledge." At the bench defense counsel asked for a mistrial. "I think that this officer has offered testimony over and above the questions that were asked of him by the State. When I asked him where they were, he certainly could have said they were unavailable. I think I have been led down the primrose path by this individual, and I suspect that counsel for the State was well aware of it." After argument the court denied the motion and appellant claims error in the de-

nial.[2] "Appellant contends the trial should have stopped also in that the appellant's prior criminal connection had been presented by the State before the accused himself had put that fact into issue * * *." We cannot say from the record before us that Conroy's answer to the specific question of defense counsel was not his understanding of the whereabouts of the photographs. Nor can we conclude, as does appellant, that the answer indicated to the jury that appellant had a "prior criminal connection"; whatever he means by that. We do not find that prejudice by the answer was so clearly demonstrated that the exercise of the discretion of the trial court in not granting a mistrial compels a holding that it was an abuse. See Shotkosky v. State, 8 Md. App. 492; Parker v. State, 7 Md. App. 167; Baldwin v. State, 5 Md. App. 22.

In the charge to the jury the court said:

"Now the third count is the count of, as we call it, common law robbery, and the definition of common law robbery is the taking of a person's goods, of any value, from his person or in his presence by threat of violence or by actual violence or by putting him in fear."

At the conclusion of the charge, after discussion at the bench about the definition of larceny in the charge, defense counsel said:

"Your Honor, I would except to the charge in regard to the definition of robbery, that I respectfully submit that it should start or be embellished to the extent that it is violence actual or being placed in fear, or being placed in fear

2. During argument defense counsel claimed the State told him the photographs had been lost. The Assistant State's Attorney said he had checked with the Court of Special Appeals and "they indicated to me that the pictures were not down there. According to the evidence—according to all the officer knows, at the last trial of this individual those pictures were entered into evidence and they became part of the trial package. Now we have just been unable to locate them, * * *." Copies of the photographs were obtained and produced by the State later in the trial.

of great bodily harm, and that such fear is, in fact, reasonable."

The court said, "All right" and the transcript reads that "thereupon, there was an off record discussion, following which the bench conference terminated." Immediately thereafter the court supplemented its charge with regard to larceny but no further mention was made of robbery. The record does not disclose any objection by appellant to the failure to supplement the instruction on robbery. Appellant now argues that this instruction was erroneous because of the inclusion of the phrase "by threat of violence." We do not think the point is properly before us for we can only conclude that after the court's apparent acquiescence to the request to supplement the instructions as to robbery, its failure to do so and the absence of any objection to the failure was because such request was withdrawn at the off the record discussion. But in any event we see no error requiring reversal even if the court refused the request as made. Appellant cites *Williams v. State,* 7 Md. App. 683, wherein we said that robbery has been defined as larceny from the person, accompanied by violence or putting in fear. He asserts, "The cited case does not use the words 'threat of violence' but 'violence.' The defense asked for inclusion of 'violence actual' and 'fear of great bodily harm' and a reasonable fear of actual violence." We made clear in *Giles v. State,* 8 Md. App. 721, 723 that it is violence which makes larceny from the person robbery. The violence may be actual, that is by the application of physical force, or constructive, that is by the intimidation or putting in fear of the victim. So actual violence is not required; constructive violence, which is present through intimidation, is sufficient. "Intimidation sufficient for guilt of robbery, if the felonious purpose is accomplished, 'does not imply any great degree of terror or affright in the party robbed: it is enough that so much force or threatening by word or gesture be used as might create an apprehension of danger, or induce a man to part with his property without or against his consent.' One who

places his money in another's hand for fear of consequences does not part with it voluntarily." *Perkins on Criminal Law*, 2nd Ed., p. 282. That the fear be of *great bodily harm* is not a requisite. Nor need the fear be of bodily injury at all. "The fear may be of injury to the person or to property, as for example, a threat to burn down a house." *Giles v. State, supra,* at 723 and see also note 1 therein. The instruction as requested did not state the proper rule of law.

Appellant also asks whether he was not "denied procedural due process of law?" He sets out three instances.

### (1)

After appellant was rearraigned immediately prior to trial, his counsel said that appellant would like to address the court. Appellant said, "Oh! I am discontent or dissatisfied with my court-appointed counsel, and I would like to ask the court could I be appointed a new counsel?" The court said, "No, not at this hour you won't be appointed a new counsel. Your counsel is a very able counsel and he has prepared the case." At the close of all the evidence defense counsel asked appellant if he was satisfied with the representation he had received "up to this point" and appellant said that he was satisfied. The court asked him if there was "anything else you want your attorney to do that you requested and he hasn't done?" and appellant said, "No, sir, nothing else." Appellant does not now allege that he did not receive an effective representation at trial and we see no prejudice to him in the refusal of the lower court to appoint new counsel for him as requested at the time of trial. See *Anderson v. State,* 3 Md. App. 362; *Miller v. State,* 1 Md. App. 653.

### (2)

We find no merit in appellant's complaint that he was not permitted to sit with "selected friends among the spectators." The court at first indicated that appellant would have to be seated at the trial table but prior to trial and after a short recess the transcript discloses:

"THE COURT: Mr. Douglas, your attorney has

renewed his request through you, or the request by you that you wish to sit at least away from the trial table, and the Court will give you per- mission to sit in the first row with the various other individuals you want to sit with during the time of the trial. I understand there will be a question of identification.

MR. DOUGLAS: No, only during the time as far as the identification.

THE COURT: As long as you want to sit there, you have a right to sit with these various indi- viduals on the front row.

MR. HARRIS (defense attorney) : Thank you."

The record indicates that appellant was content with these arrangements but if he was not he did not preserve the point for appeal. Maryland Rule 1085. In any event the purpose sought by appellant, to be afforded a judicial identification he considered fair, was obtained by the pro- cedure adopted and we cannot say he was prejudiced by the refusal to allow him to sit anywhere he desired. The widest discretion is to be given the trial court in the con- duct of trials, and this discretion should not be disturbed unless it is clearly abused. *Stewart v. State,* 4 Md. App. 565. And the trial judge may be properly mindful of the security of the accused and the safety of the spectators.

## (3)

Appellant asserts that the jury which tried him was "a jury of rejects" in that they had not been selected to serve on juries in other courts on the day of his trial. He claims error in his challenge to the array.

The record shows that upon appellant electing a trial by jury, prospective jurors were brought in and sworn for the purpose of having voir dire questions propounded. They were examined on their voir dire by the court, at the conclusion of which both appellant and the State said they had no additional questions. The panel was selected. At that point, at a bench conference, defense counsel said to the court:

> "For the record, we would like to object to the jury on the basis that each and every one that's been selected is a reject of the prior panel, having been rejected today. It is the position of the defendant that there is no independant panel brought over strictly for trial of this particular case, but are rejects of other cases."

The Assistant State's Attorney replied:

> "For the record, the State would like to say that is not necessarily true and cannot be gleaned from this inasmuch as there is no indication that the jurymen were not selected from the first group of jurymen on the list, or for any reason of cause that appeared in the other cases; there's been no evidence to that, and, additionally, the objection made was not made prior to the selection of the jury, but was made afterwards, and therefore, was waived."

The court overruled the objection, noting that "there is no such thing as rejected jurors."

A challenge to the array, which may be made on any ground that would disqualify the panel as a whole, Rule 744 a, shall be made and determined before any individual juror from that array is examined, Rule 744 b. Here it was not and we do not consider it to be properly before us as not timely raised below. In any event the allegation that each juror selected "is a reject of a prior panel, having been rejected today" was bald and did not establish a factual basis upon which to establish a *prima facie* case as is the burden of the challenging party else his challenge falls. *Hicks v. State*, 9 Md. App. 25, 30. We observe further that had appellant established that each juror selected to try him had been struck from other juries that day by peremptory challenge or by challenge for cause, it would not necessarily follow that a jury composed of them could not give appellant a fair and impartial trial. Had there been reason why any juror could not

fairly and impartially try appellant, it could have been ascertained on the voir dire examination. On this question, which is the pertinent one, that they may have not been accepted in another case was not relevant nor material.

*Judgment affirmed.*