# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER SESSION, 1998

FILED

October 19, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 02C01-9712-CC-00486 |
| Appellee | ) | |
| | ) | TIPTON COUNTY |
| vs. | ) | |
| | ) | Hon. JOSEPH H. WALKER, Judge |
| TONY FITZ, | ) | |
| | ) | (Robbery) |
| Appellant | ) | |

For the Appellant:

**Frank Deslauriers**
P. O. Box 1156
Covington, TN 38019

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Clinton J. Morgan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**Elizabeth T. Rice**
District Attorney General

**Walt Freeland**
Asst. District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Tony Fitz, appeals, as of right, the verdict of a Tipton County jury finding him guilty of robbery for which a sentence of seven years and six months was subsequently imposed. The sole issue raised on appeal is whether the evidence is sufficient to support the conviction.

After review of the record, we affirm the judgment entered by the trial court.

## Background

On November 8, 1996, sometime after 11:00 p.m., Charles Rice, an employee at the Bull Market convenience store in Munford, was stationed at the cash register, waiting on customers. The appellant, appearing very nervous, entered the store, approached Rice, and asked if he would be able to cash a check. Rice replied that he could if it was a local check and if the appellant had identification. The appellant then began to write what appeared to be a check. However, before he could finish, Rice asked the appellant to step to the side to finish as there were customers waiting in line behind him and he was holding up the line. Rice proceeded to wait on the next customer. When the register drawer opened, the appellant jumped up and pushed Rice with both hands in the shoulders "hit[ting] [him] hard enough to knock [him] back into the wall and the cigarette counter behind [him]." He then put both of his hands into the cash register and started "grabbing money out of it." Rice, who was "stunned" and "scared" by the appellant's initial actions, regained his "wits," ran toward the appellant and pushed him back. The appellant then "went out the door."

Charles Rice testified that the appellant had taken between forty and fifty dollars out of the cash register. He also stated that, after the appellant had left, he discovered the appellant's wallet on the counter containing various forms of identification, including the appellant's parolee identification card and the appellant's pay stub from the Munford Gin.

Based upon this proof, the jury found the appellant guilty of robbery.

**Analysis**

Again, the appellant challenges the sufficiency of the convicting evidence. Although the appellant concedes that the proof is sufficient to establish theft of property,[1] he contends that the State failed to prove, beyond a reasonable doubt, that "violence occurred in the commission of a theft by the Defendant," elevating the offense to robbery.[2] Specifically, he asserts that "violence constitutes more than force and the actions of Defendant arise to a level no higher than force."

The appellant, alluding to our Code's failure to define the term "violence," urges this court to adopt a definition of violence requiring more than "force." "<u>Force</u>," as defined in Tenn. Code Ann. § 39-11-106 (a)(12) (1996), "means compulsion by the use of physical power or <u>violence</u> and shall be broadly construed to accomplish the purposes of this title." (emphasis added). <u>See also</u> Black's Law Dictionary 644 (6th ed. 1990) (defining force as "[p]ower, <u>violence</u>, compulsion or constraint

---

[1] A person commits a theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's consent. Tenn. Code Ann. § 39-14-103(1990). The difference between robbery and theft is, therefore, the use of violence or fear to obtain the victim's property. <u>Compare</u> Tenn. Code Ann. § 39-14-103 <u>with</u> Tenn. Code Ann. § 39-13-401 (1990).

[2] In the present case, the State conceded at trial that, because the element of "fear" was not included in the indictment, this element should not be instructed to the jury. The record reflects that the trial court did not instruct the jury on the element of "fear."

3

exerted upon or against a person. . .").  Thus, the question now before this court is whether the term "force," as defined in our Code, is sufficient to establish the element of "violence" necessary to support a conviction for robbery.  We hold that it is.

When asked to interpret a term essential to the overall purpose of penal legislation, this court's primary objective is to reconcile legislative intent with the questioned term.  See  State v. Smith, 893 S.W.2d 908, 917  (Tenn. 1994), reh'g denied, (Tenn. 1995), cert. denied, 516 U.S. 829, 116 S.Ct. 99 (1995).  In doing so, we must construe the challenged term according to its fair import, including reference to judicial decisions and common law interpretations, to promote justice, and effect the objectives of the criminal code.  Tenn. Code Ann. § 39-11-104 (1997).  Moreover, it is a well settled rule of statutory construction that the court should construe the statute to reconcile different code provisions in order to give them a consistent meaning.  See  State v. Banks, 875 S.W.2d 303, 308 (Tenn. Crim. App. 1993).

As codified in our current criminal code, robbery is the intentional or knowing theft of property from the person of another by violence or by putting the person in fear.  Tenn. Code Ann. § 39-13-401. At common law, robbery was defined as the taking of goods or money from the person or presence of another by means of force or intimidation.  See  77 C.J.S. *Robbery* § 2 (1994).  The force by means which robbery may be committed includes all violence inflicted directly on the person robbed.[3]  See  67 AM. JUR. 2d *Robbery* §22 (1985).

With consideration of the common law definition of robbery, we again look to the current code's definition of "force," which contains the provision that this

---

[3]"Violence" is defined as the "[u]njust or unwarranted exercise of force . . .[p]hysical force unlawfully exercised; abuse of force. . . [and] [t]he exertion of any physical force so as to injure, damage or abuse."  BLACK'S LAW DICTIONARY 1570 (6th ed. 1990) (emphasis added).

4

definition "shall be <u>broadly construed</u> to accomplish the purposes of this title." Tenn. Code Ann. § 39-11-106(a)(12) (emphasis added). Additionally, we note that this court has, on prior occasions, given its approval to the definition of "<u>violence</u>" provided in Funk and Wagnall's *Standard Desk Dictionary* (1977), *i.e.*, "the exertion of physical <u>force</u> so as to injure or abuse." <u>State v. Watson</u>, No. 01C01-9606-CC-00260 (Tenn. Crim. App. at Nashville, Jan. 14, 1998) (citing <u>State v. Black</u>, 745 S.W.2d 302, 304 (Tenn. Crim. App. 1987)). Although the precise terminology may differ, <u>see</u> 77 C.J.S. *Robbery* § 13 (statutes defining robbery ordinarily include force and intimidation or some phrase thereof), there is no doubt that by the very definitions of these words, the guidance provided by the code's definition of "force," and the harm sought to be prevented by making robbery a criminal offense that the terms "force" and "violence" may be used interchangeably and synonymously.[4] Accordingly, the element of "violence," as contemplated by Tenn. Code Ann. § 39-13-401, is satisfied by a showing that the perpetrator exerted some type of <u>physical force</u> upon the victim.

When there is a challenge to the verdict based upon the sufficiency of the evidence, this court must review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); <u>State v. Cazes</u>, 875 S.W.2d 253, 259 (Tenn. 1994), <u>cert. denied</u>, 513 U.S. 1086, 115 S.Ct. 743 (1995); Tenn. R. App. P. 13(e). We do not reweigh or reevaluate the evidence; these are issues resolved by the trier of fact. <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978).

---

[4]<u>See, e.g.</u>, <u>Douglas v. State</u>, 267 A.2d 291, 294 (Md. Ct. Spec. App. 1970), <u>cert. denied</u>, (Md. 1970) (violence is by the application of physical force); <u>King v. State</u>, 527 So.2d 641, 646 (Miss. 1988) ("violence is synonymous with force"); <u>State v. Fuentes</u>, 888 P.2d 986, 990 (N.M. App. 1994), <u>cert. denied</u>, 889 P.2d 203 (N.M. 1995); <u>Smith v. State</u>, 737 P.2d 1206, 1215 (Okla. Crim. App.), <u>cert. denied</u>, 484 U.S. 959, 108 S.Ct. 358 (1987) ("force" is actually used to define "violence"); <u>Commonwealth v. Mlinarich</u>, 498 A.2d 395, 400 (Pa. Super. 1985), *aff'd*, 542 A.2d 1335 (Pa. 1988) (*per curium*) (force and violence synonymous); <u>Wisdom v. State</u>, 708 S.W.2d 840, 843 n.3 (Tex. Crim. App. 1986) (*en banc*) (violence and force are synonymous); <u>City of Pasco v. Ross</u>, 694 P.2d 37, 39 (Wash. App. Div. 3 1985) (same).

Furthermore, a guilty verdict accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant bears the burden of proving that the evidence is insufficient to support the jury verdict in his case. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1992). In the present case, the cashier testified that the appellant physically struck him upon the shoulders and pushed him into a cigarette display. These actions undeniably permitted the appellant to "grab" money out of the open cash register. We find these facts sufficient to establish the element of "violence." Accordingly, this issue is without merit.

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
L. T. LAFFERTY, Special Judge

6