FILED:  August 12, 2021
AMENDED:  August 17, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4226
(8:18-cr-00054-TDC-1)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOEL ADAM DICKSON,

Defendant - Appellant.

O R D E R

CERTIFICATION ORDER:

I.  Question Certified

The United States Court of Appeals for the Fourth Circuit, exercising the privilege

afforded by the Maryland Uniform Certification of Questions of Law Act, Md. Code Ann.,

Cts. & Jud. Proc. §§ 12-601 to 12-613 (LexisNexis 2020), and Md. R. 8-305, now certifies

the following question of Maryland law to the Court of Appeals of Maryland:

> Under Maryland law, can an individual be convicted of robbery by means of
> threatening force against property or threatening to accuse the victim of
> having committed sodomy?

This court acknowledges that the Court of Appeals of Maryland may reformulate this question.

## II.  Nature of Controversy

Joel Adam Dickson pled guilty, without a plea agreement, to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g).  In the presentence report ("PSR"), the probation officer assigned Dickson a base offense level of 20, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2018), determining that Dickson possessed the firearm after sustaining a felony conviction for a crime of violence, namely his 2007 Maryland robbery conviction.  The PSR applied a three-level reduction for acceptance of responsibility, USSG § 3E1.1, for a total offense level of 17.  With a total offense level of 17 and placement in criminal history category V, Dickson's advisory Sentencing Guidelines range was 46 to 57 months' imprisonment.  *See* USSG ch. 5, pt. A (sentencing table).  Dickson objected to the application of USSG § 2K2.1(a)(4)(A), disputing that his robbery conviction qualified as a crime of violence, and contending instead that his base offense level should be 14 pursuant to USSG § 2K2.1(a)(6).

The district court overruled Dickson's objection and held that Maryland robbery qualified as a crime of violence for purposes of USSG § 2K2.1.  There were no other objections to the PSR, and the district court adopted the Guidelines calculations therein.  The district court sentenced Dickson to 57 months' imprisonment, a term at the top of his Guidelines range.  Dickson timely appealed.

III. Legal Discussion and Relevant Maryland Decisions

Section 2K2.1(a)(4)(A) establishes a base offense level of 20 for an offense involving unlawful possession of firearms or ammunition if the defendant committed the offense after sustaining a felony conviction for a "crime of violence." The Guidelines define a "crime of violence," in relevant part, as any crime punishable by more than a year in prison that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another ["the force clause"], or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, [or] extortion ["the enumerated offenses clause"].

USSG § 4B1.2(a); *see* USSG § 2K2.1 cmt. n.1 (referencing definition of "crime of violence" in USSG § 4B1.2).

Citing decades-old case law from the Court of Special Appeals of Maryland, Dickson argues on appeal that Maryland robbery does not qualify as a crime of violence for purposes of USSG § 2K2.1(a)(4)(A) under either the force clause or the enumerated offenses clause. In *Giles v. State*, the Court of Special Appeals of Maryland stated in dicta that achieving a taking through instilling a fear of injury to property, such as "a threat to burn down a house," is sufficient to qualify the taking as robbery. 261 A.2d 806, 807-08 (Md. Ct. Spec. App. 1970). The Court of Special Appeals of Maryland further stated that instilling a fear of injury to character or reputation generally is not sufficient to qualify a taking as robbery, but that:

> If a man threatens to accuse another of an unnatural crime, sodomy, and thereby obtains property from him, the law regards it as robbery because this

3

offense is so loathsome that the fear of loss of character from such a charge, however unfounded it may be, is sufficient to reasonably induce a man to give up his property.

*Id.* at 808 n.1 (internal quotation marks omitted). The Court of Special Appeals of Maryland has since twice cited *Giles* in dicta for the proposition that robbery includes a taking accomplished by means of instilling in the victim fear of injury to property. *See Douglas v. State*, 267 A.2d 291, 295 (Md. Ct. Spec. App. 1970); *Coles v. State*, 2002 WL 1579567, at * 8 (MD. Ct. Spec. App. Apr. 19, 2002) (unpublished).

If taking by means of instilling fear through threatening force against property or threatening to accuse the victim of sodomy qualifies as Maryland robbery, then Dickson is correct that Maryland robbery does not qualify as a crime of violence under the force clause, because such an offense does not require "the use, attempted use, or threatened use of physical force against the *person* of another." USSG § 4B1.2(a)(1) (emphasis added). To decide whether Maryland robbery aligns with robbery under the enumerated offenses clause, we first consider the generic definition of robbery and then determine whether Maryland robbery is a categoric match to that offense. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018). We define generic robbery as "the misappropriation of property under circumstances involving immediate danger to the person." *United States v. Green*, 996 F.3d 176, 181 (4th Cir. 2021) (internal quotation marks omitted). If a taking by means of instilling fear by threatening force against property or threatening to accuse a victim of sodomy qualifies as Maryland robbery, then this state offense does not qualify as a crime of violence under USSG § 4B1.2(a)(2).

4

We have found no Court of Appeals of Maryland decisions addressing whether Maryland robbery may be accomplished through threatening force against property or by threatening to accuse the victim of having committed sodomy. We therefore respectfully request that the certified question be answered.

## III. The Parties and Their Counsel

### A.

The Defendant-Appellant is Joel Adam Dickson. Counsel for the Defendant-Appellant is:

Sapna Mirchandani, Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770

### B.

The Plaintiff-Appellee is the United States of America. Counsel for the Plaintiff-Appellee is:

Elizabeth G. Wright, Assistant United States Attorney
Kelly O. Hayes, Assistant United States Attorney
6500 Cherrywood Lane, Suite 200
Greenbelt, Maryland 20770

## IV. Conclusion

Under the privilege made available by Md. Code Ann., Cts. & Jud. Proc. §§ 12-601 to 12-613, and Md. R. 8-305(b), we respectfully:

(1) Certify the question stated in Part I of this Order of Certification to the Court of Appeals of Maryland for resolution;

(2)     Order the Clerk of this Court to forward to the Court of Appeals of Maryland, under the official seal of this Court, a copy of this Order of Certification, together with the original or copies of the record before this Court to the extent requested by the Court of Appeals of Maryland; and

(3)     Order that any request for all or part of the record be fulfilled by the Clerk of this Court simply upon notification from the Clerk of the Court of Appeals of Maryland.

Entered at the direction of Judge Keenan with the concurrences of Judge Floyd and Judge Quattlebaum.

*QUESTION CERTIFIED*

FOR THE COURT

*Barbara M. Keenan*

/s/ Barbara Milano Keenan
Circuit Judge