EMERSON DAVIS *v.* PATRICK J. BRADY, WARDEN

[No. 81, October Term, 1946.]

*Decided March 14, 1947.*

114

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

Submitted on brief by *Emerson Davis, pro se.*

*Hall Hammond, Attorney General,* and *Richard W. Emory, Deputy Attorney General,* for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

This is an appeal from the refusal of Chief Judge C. Gus Grason of the Third Judicial Circuit to grant a writ of *habeas corpus* to the appellant on the ground that it appeared from the application that no relief could be granted appellant by issuing the writ.

Appellant was sentenced in the Criminal Court of Baltimore City in two cases on July 6, 1946, to serve five years in the Maryland Penitentiary in each case, the sentences to run concurrently. The sentences were imposed after the appellant had pleaded guilty in each case to a charge of false pretenses and forgery. His contention in his petition for the writ, and in his brief, is that he was arrested without a warrant.

The Criminal Court obtained jurisdiction of the appellant by indictments to which he pleaded guilty. The jurisdiction is not affected by the manner in which he was arrested. In the case of *Rigor v. State,* 101 Md. 465, 61 A. 631, 633, 4 Ann. Cas. 719, this Court said, "Authority to sentence at all is incident to and a consequence of the power to try an accused, and the right to try is founded on the fact that the crime was committed

within the jurisdiction of the Court, and upon the further fact that the prisoner, after being indicted, is present in person before the Court during the trial. It is not material how or by what means he was brought into Court, as will be shown later on in discussing another phase of the case." And later, "After final judgment of conviction the jurisdiction of the Court cannot be questioned by an inquiry into the manner in which the accused was brought before it; and this is true even though the prisoner has been kidnapped and forcibly brought before the Court from a foreign jurisdiction."

The order of the learned judge below in declining to issue the writ will be affirmed.

*Order affirmed, without costs.*