48 So.2d 259

JOHNSON v. STATE.
6 Div. 68.

Court of Appeals of Alabama.
June 20, 1950.

Rehearing Denied Aug. 8, 1950.

Young & Young, of Vernon, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The only question involved in this case is the sufficiency of the evidence to support the judgment of conviction pronounced and entered against the defendant. The insistence of appellant is, that the court erred (1) in overruling his motion to exclude the evidence offered by the State; (2) in refusing to defendant the general affirmative charge requested by him in writing, and (3) in overruling and denying defendant's motion for a new trial which was based upon the following grounds:

"1. Because the verdict of the jury was contrary to the weight of the evidence.

"2. Because the verdict of the jury was contrary to the law of the case.

"3. Because the verdict of the jury was contrary to the law and the evidence in the case.

"4. Because the verdict of the jury was contrary to the preponderance of the evidence.

"5. Because the verdict of the jury was so against the great weight of the evidence as to indicate that the jury gave to the State of Alabama the benefit of the doubt instead of giving the benefit of the doubt to the defendant.

"6. The court erred in refusing to give, at the request of the defendant in writing made before the jury retired, the following: (1) I Charge you gentlemen of the jury, that if you believe the evidence in this cause, you should acquit the defendant."

The first count of the indictment charged that the defendant manufactured whiskey. The second count that he was in the unlawful possession of a still. Both counts in proper form and substance. The State made no attempt to offer evidence to sustain the first count, and as to that count the defendant was entitled to a directed verdict.

The testimony tends to show that the Sheriff of the county, accompanied by other officers, went out in the country, where the defendant was purported to live, and made a search in the surrounding premises.

It appears that in the search they found a path leading from the house of the defendant to a spring near the edge of a pasture. From that spring a path led approximately 100 yards to an area surrounded by bushes and trees where certain equipment which the officers testified could be used for the manufacture of illicit beverages was found. The evidence shows this equipment was scattered over a rather large area, and was not assembled and was not in use. The defendant was not at home on that occasion, and was not seen by the officers on that day. They did not testify as to any act on his part which would indicate ownership or possession of the equipment allegedly found on that occasion, or that he had ever travelled the path testified about. The Sheriff testified that he had not seen the defendant for some six weeks. It appears from all of the testimony offered for the State that the defendant did not by any act indicate that he was the owner or possessor of the equipment found on that occasion, and there was noth-

ing to show that he had any knowledge about it whatever. There being no evidence to connect the defendant with the possession of the equipment alleged to have been found he, as stated, asked for his discharge under the indictment and this motion being refused, he excepted to the Court's ruling and then asked for the general charge in his favor, which was also refused. To this ruling of the court he duly excepted. He later filed a motion for a new trial as above set out setting up the refusal of the court to discharge him on his motion and the refusal of the court to give the general charge in his favor.

In recent years the Appellate Courts of this State have had many cases similar to the case at bar. Hudson v. State, 249 Ala. 372, 31 So.2d 774; Clark v. State, 18 Ala. App. 217, 90 So. 16; Hill v. State, 19 Ala. App. 483, 98 So. 317; Whited v. State, 22 Ala.App. 492, 117 So. 396; West v. State, 23 Ala.App. 268, 123 So. 292.

In the case of Whited v. State, supra, the court said: "The undisputed evidence disclosed that a still which, from the description, was within the inhibited terms of the statute, was found by the searching officers in the vicinity of the home of this appellant; the evidence showing it was about 300 yards from his dwelling and in a branch. We are of the opinion that the evidence was sufficient to establish the corpus delicti, but there was no evidence to connect this appellant with the possession of said still, and therefore the jury were without authority to so find. This court has repeatedly held that the mere finding of a still in the vicinity of a man's home, with a trial or path leading therefrom in the direction of his home, without more, is not sufficient to meet the burden of proof resting upon the state and to justify the conviction of the accused. Under the evidence in this case, the court should have directed a verdict for defendant. For the error in refusing the affirmative charge, the judgment appealed from is reversed and the cause remanded."

In Clark v. State, supra, it was said: "In a prosecution for unlawful possession of a still, evidence which showed merely that the still was located within 200 yards

of defendant's house, and that a path led from the house to the still, is insufficient to sustain a conviction."

In the West case, supra, it was said: "Under the undisputed evidence in this case the accused was entitled to his discharge. This evidence barely raises a suspicion against the defendant. It consists of the testimony of certain witnesses, who found a still and other contraband articles in a pine thicket 200 yards from the home of the defendant; this and nothing more. There was no semblance of evidence showing, or tending to show, that the accused had ever been at the still, or that he knew of its existence. * * * This court is at a loss to understand how a conviction of any person could be rested upon such evidence. A presumption of innocence attended this defendant upon his trial. The evidence adduced was wholly inadequate to overcome such presumption. The state manifestly failed to meet the burden of proof necessary to a conviction."

After a consideration of this case we are of the opinion that each of the insistences of appellant's able and earnest counsel was well taken and is sustained.

Reversed and remanded.