## BELL *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 54, September Term, 1957.]

*Decided December 26, 1957.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

Because Digges, J., of the Circuit Court for Charles County, denied his petition for a writ of *habeas corpus,* William R. Bell has applied to this Court for leave to appeal.

The petitioner was convicted in the Criminal Court of Baltimore (Warnken, J.) of robbery with a deadly weapon, and was sentenced to an indeterminate period of time not exceeding five years in the Maryland State Reformatory for Males. On July 14, 1954, he was transferred to the House of Correction, and was paroled on September 19, 1955. He was returned from parole on January 28, 1957. He now contends that he should be released from the House of Correction on a writ of *habeas corpus.* He assigns as reasons why he should be granted the writ the following: (i) that he was apprehended in Alexandria, Virginia, on December 19, 1956, and was "kidnapped" by authorities of the State of Maryland; (ii) that he contested the matter at a hearing before the court in Virginia and the court dismissed the charges against him; (iii) that he was "kidnapped" from the hallway of the Court House in Alexandria and returned to the House of Correction; and (iv) that he was brought into the State of Maryland by unlawful means.

Even if it is assumed that the petitioner's return to this State from the Commonwealth of Virginia was the result of an illegal act on the part of State authorities, such acts cannot

form the basis for the issuance of the writ he seeks. Since he is now in this State, no matter how he happens to be here, he is subject to its laws, and having been lawfully convicted, he cannot complain of the manner by which he was returned here to serve the remainder of his sentence. See *Frisbie v. Collins* (1952), 342 U. S. 519, 96 L. Ed. 541, reh. den. 343 U. S. 937, 96 L. Ed. 1344; *Rigor v. State* (1905), 101 Md. 465, 61 A. 631, 4 Ann. Cas. 719; *Davis v. Brady* (1947), 188 Md. 113, 51 A. 2d 827; *McGuire v. State* (1952), 200 Md. 601, 92 A. 2d 582; and *Jackson v. Olson* (1946), 146 Neb. 885, 22 N. W. 2d 124, 165 A. L. R. 932, *et seq.*

*Application denied, with costs.*