## NORMAN BORK *v.* STATE OF MARYLAND

[No. 297, September Term, 1967.]

*Decided June 19, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*William H. Meserole, Jr.,* for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Howard Chasanow, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

Norman Bork, the appellant, was tried in the Circuit Court for Prince George's County, Judge Ralph W. Powers presiding with a jury, and convicted of robbery with a deadly weapon. He was sentenced to the jurisdiction of the Department of Correction for ten years. Bork contends that the trial court erred in admitting statements acquired in violation of *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, and in admitting evidence concerning an extrajudicial lineup.

As to the first contention the record shows that after the defense had completed its case, the State put on rebuttal witnesses, primarily to rebut the sanity issue raised by Bork. Detective Frederick W. Whalen, a rebuttal witness for the State, testified on direct examination that he advised Bork of his constitutional rights,[1] and Bork elected not to make a statement until he had contacted an attorney. Whalen was then asked:

> "Q. Did you ask him questions or did you have any conversation with him?
>
> "A. I asked him questions on a prescribed form. No, sir, I did not. We did not have a form at the time. I advised him of his rights verbally. The only statement made to me, he said that he had been hitchhiking and didn't know the other subject in the vehicle and the reason he had ran, this other person had told him to."

There was no objection below to the question; there was no motion to strike out the answer; substantially the same state-

---

1. The actual wording of the warnings is not in the record.

ment had been given to two other police officers previously and there was no objection to the questions or to the answers when the statements were entered in evidence.

In *Gaudio and Bucci v. State,* 1 Md. App. 455, 463, 230 A. 2d 700, 705, we stated that "When a confession is admitted without objection, an objection cannot be made for the first time on appeal. *Tucker v. State,* 237 Md. 422, 206 A. 2d 691 (1965)." See also Maryland Rule 1085.

Bork recognizes this state procedural requirement but alleges that there was objection to the evidence. The record does not support his contention. The objections were to questions concerning his appearance and manner at the time he was questioned. Bork also alleges that there was error in admitting some answers he gave after claiming his right to counsel, but these answers were introduced by Bork on cross examination and not by the state. He obviously cannot now object to his own cross examination of the state's witnesses.

Bork next contends that his pre-trial identification by the victim of the robbery, at a lineup, held July 26, 1966, was unconstitutional because his attorney was not present as required by *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149, (1967) and that the later in-court identification by the victim was tainted by the prior identification.

Bork concedes that there was no objection below to the introduction of any of this evidence and that there was no motion to strike any of it, but he argues that because the question is a federal constitutional question state procedural requirements do not apply.

In note 9, *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 the Supreme Court of the United States said:

> "As is always the case, however, state procedural requirements governing assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions must be respected."

See also *Henry v. Mississippi,* 379 U. S. 443, 85 S. Ct. 564, 13 L. Ed. 2d 408, *Gaudio and Bucci v. State, supra,* Maryland Rule 1085.

*Judgment affirmed.*