## ANGUS LINWOOD CAMPBELL *v.* STATE OF MARYLAND

[No. 363, September Term, 1967.]

*Decided June 24, 1968.*

The cause was argued before Murphy, C. J., and Anderson, Morton, Orth, and Thompson, JJ.

*George A. Shehan* for appellant.

*Thomas N. Biddison, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *A. Gordon Boone, Jr., Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

Per Curiam.

Appellant Campbell was convicted of armed robbery by the

court sitting without a jury and sentenced to ten years under the jurisdiction of the Department of Correction. He contends on this appeal that an oral incriminatory statement made by him shortly after his arrest was introduced in evidence at his trial in violation of *Miranda v. Arizona,* 384 U. S. 436, and constituted reversible error.

The pertinent facts are these: Appellant was arrested immediately following the robbery of an ice cream store by a police officer who had observed the crime in commission. The arresting officer told appellant that he "had a right to remain silent and didn't have to say anything until [he] obtained counsel." Within minutes after the arrest, and while appellant was still on the street, Sergeant Raymond Donovan of the Baltimore County Police arrived on the scene and undertook to give appellant the fourfold warning required by the *Miranda* decision. While he was placing appellant into his police vehicle, appellant asked "How much time can I get for this," to which the Sergeant responded, "For what," following which appellant said "For robbing that lady in the store." At the trial, appellant's incriminating statement was admitted into evidence over his objection.

Appellant contends that his rights under *Miranda* were violated in that he was not given the requisite warnings, and that in any event when he made the incriminatory statement, he had not at that time waived his right to counsel or to remain silent. The State contends that the statement was admissible because appellant was given all the required *Miranda* warnings, and that appellant impliedly waived his right to remain silent and to counsel. The State further contends that the statement in question cannot be deemed as within the purview of the *Miranda* decision, since it was volunteered and not the result of a custodial interrogation.

On the basis of the record before us, we need not determine whether appellant was given his constitutional warnings prior to the time he made the incriminating statement, or whether, if the warnings had been given, he waived his right to remain silent and to have counsel. We think it plain that while appellant was in custody when he made the statement in question, it was not made in response to an interrogation within the mean-

450

ing of *Miranda*. It appears to us that the police officer merely responded to a question asked of him by the appellant, and that appellant's further statement made in response to the officer's question can in no event be considered as resulting from an interrogation within the rationale and meaning of the *Miranda* decision. See *Myers v. State,* 3 Md. App. 534; *Duckett v. State,* 3 Md. App. 563; *Carwell v. State,* 2 Md. App. 45; *Gaudio v. State,* 1 Md. App. 455.

*Judgment affirmed.*