## WILLIAM WALTZ HOWELL *v.* STATE OF MARYLAND

[No. 57, September Term, 1968.]

*Decided November 12, 1968.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Gerald Siegel* and *Philip D. Quint* for appellant.

*Francis B. Burch, Attorney General, James A. Wise, State's Attorney for Caroline County,* and *Thomas N. Biddison, Jr., Assistant Attorney General,* for appellee.

PER CURIAM.

Appellant was convicted by a jury in the Circuit Court for Caroline County of storehouse breaking and larceny and was thereafter sentenced to a term of ten years imprisonment. He contends on this appeal (a) that certain statements made by him to the police were introduced in evidence in violation of the principles of *Miranda v. Arizona*, 384 U. S. 436, and (b) that he was convicted upon the uncorroborated testimony of an accomplice.

The evidence at trial showed that at 5:18 a.m. on Sunday, July 2, 1967, the police were notified that the burglar alarm at Cos's Tavern had been actuated. Two officers immediately went to the tavern where they observed appellant sitting behind the wheel of a car parked approximately seventy-five feet north of the tavern. One of the officers went to the rear of the tavern where, after hearing a crash, he observed two cases of beer being pushed out of the tavern window, followed by one Wesley Eaton. Both Eaton and appellant were arrested at the crime scene.

The record discloses that after appellant was given his particularized four-fold *Miranda* warning, he stated that he didn't wish to talk to the police. Approximately an hour and a half later, while appellant was being "processed" at the police station, he was told in narrative form that Eaton admitted that it was his idea to break into the tavern and that the appellant, with knowledge of the criminal design, brought him there from Baltimore to burglarize the premises. Without any questioning by police, appellant responded to this information by admitting that he knew Eaton, that he had picked him up hitchhiking, and that while they had stopped along the road, he did not know that Eaton intended to break into the premises. These statements were introduced in evidence over appellant's objection.

In *Miranda*, the court held at page 473 that if, after the requisite warnings are given, "the individual indicates in any manner at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." While quite clearly appellant was in police custody when he made the incriminating admissions, we think it plain that his statements

were not made in response to an "interrogation" within the meaning of *Miranda*. On the record before us, we hold that there was no "questioning initiated by law enforcement officers" within the ambit of the *Miranda* decision; rather, the officers respected appellant's right to remain silent following his arrest and it was not until almost two hours had elapsed that they advised him of what Eaton had told them. Appellant's response to such police information was not the product of an interrogation, either direct or subtle, but was more in the nature of volunteered information. See *Campbell v. State,* 4 Md. App. 448; *Duckett v. State,* 3 Md. App. 563; *Myers v. State,* 3 Md. App. 534.

Nor do we find any merit in appellant's second contention. In *Boone v. State,* 3 Md. App. 11, 19-20, we observed that "the rule in this State is that evidence corroborating the testimony of an accomplice is not sufficient if it merely shows the commission of the offense or the circumstances thereof and that some of the material facts of the accomplice's testimony which it must support are such material facts which tend to show that the accused was either identified with the perpetrators of the crime or had participated in the commission of the crime itself." We think appellant's presence at the scene of the crime, coupled with his admission that he knew Eaton, and with other evidence in the case showing that appellant and Eaton lived within a block of each other, constituted sufficiently corroborative evidence of appellant's identification with the perpetrator of the crime and his participation in the crime itself. Even without Eaton's testimony, the fact of appellant's presence at the scene of the crime was under the circumstances of this case strong evidence of his guilt. See *Tasco v. State,* 223 Md. 503.

*Judgment affirmed.*