JOHN CORDELL SWANN *v.* STATE
OF MARYLAND

[No. 454, September Term, 1968.]

*Decided June 25, 1969.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Hugh L. Reilly* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,*

with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County* and *Joseph J. Bonner, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

John Cordell Swann, the appellant, was convicted of assault with intent to murder in a jury trial in the Circuit Court for Prince George's County, Judge Ralph W. Powers presiding. Swann, who was sentenced to a term of fifteen years, now asks:

> "1. Should the defendant's conviction be vitiated because of lack of proper jurisdiction over the defendant;
> "2. Should indigent accused, represented by assigned counsel, be bound by counsel's statements, objections, or failures to object at trial;
> "3. Should the Court have permitted the defendant to be cross-examined by the prosecutor as to a prior unrelated housebreaking conviction." [1]

On July 6, 1968 at about 3:45 A.M., Pauline Hawkins stepped out of the rear of Jiffy Carry Out Shop, where she was employed, to dispose of some dirty linen when she was confronted by Swann who shot her. About a month before the shooting, Swann, posing as a janitor, had gained entrance into Hawkins' apartment and raped her. On cross-examination, she testified that she felt that Swann had shot her to keep her from testifying in the rape case.

—1—

### Jurisdiction

Swann was apprehended in the District of Columbia by District policemen and returned to Prince George's

---

[1] Appellant's counsel abandoned a fourth question at oral argument.

County by Prince George's detectives. Swann contends that since he was improperly returned to Maryland, the Circuit Court for Prince George's County lacked the necessary jurisdiction to try him.

The Supreme Court of the United States held in *Frisbie v. Collins*, 342 U. S. 519, 522, 72 S. Ct. 509, 511, 96 L. Ed. 541, *reh. denied* 343 U. S. 937, 72 S. Ct. 768, 96 L. Ed. 1344 that:

> "This Court has never departed from the rule announced in *Ker v. Illinois*, 119 U. S. 436, 444, 7 S. Ct. 225, 229, 30 L. Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction'."

The Court of Appeals of Maryland has followed *Ker v. Illinois, supra* and *Frisbie v. Collins, supra*, see *McGuire v. State*, 200 Md. 601, 92 A. 2d 582, *cert. den.* 344 U. S. 928, 73 S. Ct. 497, 97 L. Ed. 714, *Bell v. Warden*, 215 Md. 614, 137 A. 2d 118, and *Austin v. Director*, 237 Md. 314, 206 A. 2d 145 and cases cited therein.

—2—

### Counsel

This question is posed apparently to support question no. 3. We see no valid distinction between paid and court appointed counsel; and we are referred to no case so holding. As to the importance of state procedural requirements on raising constitutional questions see *Bork v. State*, 4 Md. App. 404, 243 A. 2d 647, *cert. den.* Court of Appeals of Maryland, *January 14, 1969* and by the Supreme Court of United States, *June 2, 1969*. "The matter of competency of trial counsel was not tried and decided below and is not properly before us for review," *Franklin v. State*, 6 Md. App. 572, 580, 252 A. 2d 487.

—3—

## Prior Conviction

When Swann took the stand and testified, he was cross-examined by the State's Attorney as to a prior conviction for housebreaking. There was no objection below and the issue is not properly before this Court under Md. Rule 1085; nonetheless, the question may be easily answered. By taking the stand, Swann placed his character into issue and could thus be questioned by the State's Attorney as to his previous criminal conviction insofar as it pertained to his credibility as a witness. *Minor v. State,* 6 Md. App. 82, 88, 250 A. 2d 113.

*Judgment affirmed.*