## GARY CARSON GRAYBEAL *v.* STATE OF MARYLAND

[No. 162, September Term, 1971.]

*Decided December 7, 1971.*

558

The cause was argued before ANDERSON, MOYLAN and GILBERT, JJ.

*Leonard H. Lockhart,* with whom were *Hyman Ginsberg* and *Ginsberg & Ginsberg* on the brief, for appellant.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Donaldson C. Cole, Jr., State's Attorney for Cecil County,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Appellant, Gary Carson Graybeal, was convicted in a bench trial in the Circuit Court for Cecil County, Judge H. Kenneth Mackey presiding, of unlawful possession and unlawful manufacture of marijuana. He was sentenced to the jurisdiction of the Commissioner of Correction for a period of one (1) year on each conviction, the sentences to run concurrently. The appellant contends on this appeal that:

(1) Statements made by him to the police were introduced into evidence in violation of the principles of *Miranda v. Arizona*, 384 U.S. 436.

(2) The evidence was insufficient to sustain the convictions.

(3) The trial court erred in admitting certain hearsay evidence.

The State's principal witness, Officer William J. Bienert, Jr., Maryland State Police, testified that on the basis of information received from an informer, he went, on July 3, 1970, and observed the home of Mrs. Zula Graybeal, the grandmother of the appellant. The home was located in the Conowingo area of Cecil County. Bienert at that time saw a plant in the upstairs window at a distance of approximately 150 feet. The next day Bienert returned and observed the plant through a pair of binoculars and positively identified it as marijuana. A search warrant was obtained and, on July 6, 1970, the home was searched. Approximately seventy marijuana plants were found and seized as a result of the search. At the time of the search Mrs. Zula Graybeal and Mrs. Helen Graybeal, the appellant's mother, were in the home; however, the appellant was not. The evidence showed, in fact, that the appellant was not in the State at the time of the search. Officer Bienert made arrangements with Mrs. Helen Graybeal to have the appellant report to him at the police barracks when he returned.

On July 9, 1970, the appellant went to the North East State Police Barracks and reported to Officer Bienert, who had a warrant for his arrest. Bienert testified that he knew that the appellant had retained counsel at that time. When the appellant walked in, Bienert introduced himself and testified further that:

> "* * * I then told him that if he desired to make a statement in relation to the activities that had transpired over there on 7-6, he was free to do so, but prior to this I would have to advise him of his rights. At this time he told me right out that he didn't want to make any sort of statement at all until after he had consulted his father and his lawyer, who I was already told, the party who would be the representative."

Bienert testified, quite emphatically, that he did not ask the appellant any more questions. The appellant was not given any of the *Miranda* warnings because, as Bienert testified:

> "* * * [W]e never got to that. I asked him if he wanted to give me a statement concerning the activities which he was involved in at the Zula Graybeal residence on the 6th, at which time he said he didn't want to offer me any type of statement. So at that time, out of respect for him—I had nothing further to go on at all. I wasn't interested at all then."

Bienert testified that he then explained to the appellant:

> "Well, you are familiar with the fact that you will have to remain here for a period of time so that I can complete my formal activities, and that concerns processing, photographing, and fingerprinting, after which time, if the bond is posted as your father states that it will be, you will be released."

Bienert further testified that three or four minutes later the appellant turned to him and said, "Where are my plants and pipes?" He was told that the plants were in the back of the office, and he walked back there with Bienert to observe them. On observing the plants, Bienert testified that the appellant said:

"Be sure they get light and love. The only way they will grow is if you look at them with love in your eyes. If you look at them with hate, they will die."

# I

## THE ADMISSIBILITY OF APPELLANT'S STATEMENTS

The appellant contends that his statements to Bienert were inadmissible because he was not advised of his rights under *Miranda*. However, *Miranda* specifically indicated at p. 478 that "[v]olunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today * * *." The *Miranda* warnings are required only prior to custodial interrogations, *i.e.*, questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Miranda, supra*, at 444; *Richardson v. State*, 6 Md. App. 448, 452. This Court has interpreted *Miranda* to admit into evidence statements volunteered by the accused and not made in response to interrogation or persuasion by the police, without requiring prior warning of constitutional rights. See *e.g.*, *Carwell v. State*, 2 Md. App. 45; *Campbell v. State*, 4 Md. App. 448; *Howell v. State*, 5 Md. App. 337; *King v. State*, 5 Md. App. 652; *Bazzell v. State*, 6 Md. App. 194; *Richardson v. State, supra; Blevins v. State*, 8 Md. App. 708.

It is clear in the instant case that the trial judge was of the opinion, and we cannot disagree, that the statements given by appellant to Officer Bienert were not

elicited or induced as a result of interrogation by Bienert but were freely and voluntarily given by the appellant without any of the coercive factors which may normally be involved in a custodial interrogation. The appellant at first declined to give a statement and no interrogation ensued. The trial judge obviously gave credence to Officer Bienert's testimony that no questions were asked of the appellant. Assessing the credibility of witnesses is, of course, peculiarly the function of the trial judge. *Thompson v. State,* 5 Md. App. 191, 197. We hold, therefore, that the statements were not the product of police interrogation but rather were spontaneous and volunteered. Under the circumstances their admission into evidence was not in violation of any of the dictates of *Miranda.*

## II

## THE SUFFICIENCY OF THE EVIDENCE

The appellant asserts that absent the statements made to Bienert, there is absolutely no evidence to support his conviction. However, as noted above, we have held that the appellant's statements, which amount to damaging admissions, were properly admitted into evidence. Further, there was testimony by Mrs. Helen Graybeal that her son usually resided at his grandmother's house when he was in the area. Finally, there was the physical evidence, the seventy marijuana plants, which were found in or about the home of the appellant's grandmother.

It is well settled that the test of the sufficiency of the evidence in a case tried before the court without a jury is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the trial judge could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. *Jones v. State,* 5 Md. App. 180; *Coward v. State,* 10 Md. App. 127, 130. This Court is precluded from reversing a trial judge on a question of sufficiency of the evidence unless the trial judge was clearly erroneous. Maryland Rule 1086.

The appellant was convicted of possession of marijuana under Md. Code, Art. 27, Sec. 287 and the manufacture of marijuana under Sec. 286. Under Sec. 286 (a) (1) it is unlawful for any person:

> "To manufacture, distribute, or dispense, or to possess a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute, or dispense, a controlled dangerous substance; * * *."

From the testimony, the trial court could reasonably infer that the appellant was manufacturing marijuana as seventy plants were found in and about the house. The finding of seventy marijuana plants would reasonably indicate an intent to manufacture under Sec. 286 (a) (1). Manufacture includes propagation. Section 277 (p).

As for the appellant's conviction for possession of marijuana, Sec. 277 (s) defines the term "possession" as "the exercise of actual or constructive dominion or control over a thing by one or more persons." The term "control" as used in the statute means "to exercise restraining or direct influence over" and thus relates to authority over what is not in one's physical possession. *Haley, et al. v. State,* 7 Md. App. 18; *Franklin v. State,* 8 Md. App. 134, 138. In *Jason, et al. v. State,* 9 Md. App. 102, this Court held that evidence establishing that a person is in constructive possession of narcotics is also sufficient to establish that those narcotics were under his control. In *Nutt v. State,* 9 Md. App. 501, we held that the Legislature, in reclassifying the offense of unlawfully possessing marijuana from a felony to a misdemeanor, equated "control" with "possession" and intended to include the punishment for control of marijuana in the punishment for "possession or use" of marijuana. Acts 1970, Ch. 237.

In the instant case there was evidence that showed that the appellant normally resided in the house where the plants were found. There was also a damaging admission

made by the appellant to the police officer regarding the ownership of the plants. This evidence was sufficient to support the conviction of the appellant for possession of marijuana and thus the trial court was not clearly erroneous. Maryland Rule 1086.

## III

### THE HEARSAY TESTIMONY OF HELEN GRAYBEAL

The appellant further complains about the admission into evidence of statements made by Helen Graybeal to Donaldson C. Cole, Jr., the State's Attorney for Cecil County, and to Officer Bienert. The statements concerned the ownership of the marijuana plants. A review of the record, however, reveals that the trial court ruled that the statements were inadmissible because they were hearsay. Therefore, there is no need for this Court to rule on the appellant's third contention.

> *Judgments affirmed; appellant to pay costs.*