JERRY PAUL PUCKETT AND LOIS ANN PUCKETT
*v.* STATE OF MARYLAND

[No. 233, September Term, 1971.]

*Decided December 10, 1971.*

The cause was argued before THOMPSON, MOYLAN and GILBERT, JJ.

*Michael F. X. Dolan,* with whom was *Thomas M. O'Malley* on the brief, for appellants.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Warren F. Sengstack, State's Attorney for Calvert County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

The principal question presented in this appeal is whether or not the trial judge was clearly erroneous in finding the appellants, Jerry Paul Puckett and Lois Ann Puckett, his wife, guilty of possession of marijuana and possession of marijuana in sufficient quantity to indicate an intent to distribute. Judge Perry G. Bowen, Jr., presiding in the Circuit Court for Calvert County, without a jury, imposed one year concurrent sentences on Mr. Puckett and a fine of $500 for each conviction. The sentences to confinement were suspended, and the fine on the second conviction was also suspended. The sentences as to Lois Ann Puckett were for concurrent terms of one year and $500 on each conviction. The fine on the second

conviction was suspended but the sentences to confinement were not suspended.[1]

Mr. & Mrs. Puckett's disgruntled tenant delivered a marijuana plant to the State Police claiming to have picked it from the Puckett property. A search warrant was issued and the State Police, in executing the warrant, found sixteen marijuana plants about two to three feet in height and one foot to a foot and a half in diameter growing at the edge of a vegetable garden on the property. The garden was approximately 150 feet by 40 feet and the area containing the marijuana was approximately 10 feet by 3 or 4 feet. The latter area was uncultivated and contained weeds in addition to the marijuana. The evidence showed that, except for the garden, the vegetation in the area adjacent to the plot containing the marijuana was mowed to a height of 2 to 3 inches. Five days after the execution of the warrant, Mr. Puckett and his attorney called one of the troopers who had executed the warrant and showed him seven other marijuana plants growing some thirty or forty yards away from the first patch.

The disgruntled tenant testified that he took the plant to the State Police after Mrs. Puckett's sister-in-law had told him that it was marijuana and that her sister-in-law smoked it. He also testified that Mrs. Puckett had stood at the area where the first patch grew and informed him not to mow that small area while he was cutting the rest of the yard.

Mrs. Puckett and Mr. Puckett denied any knowledge of the presence of the marijuana but Mrs. Puckett did state that she told the tenant not to mow a particular area, not the one in question, in order to avoid cutting her flowers. As to this point, the trial judge found the

1. The sentences recited herein are as shown on the docket entries and in the briefs. The court reporter's transcript indicates that as to Mrs. Puckett, the confinement instead of the fine on the second count was suspended. The suspension of a concurrent sentence would seem to serve little purpose but we note the discrepancy so the trial judge can have the docket entries corrected if they are in error.

tenant's testimony more credible than Mrs. Puckett's, saying that he did not think that the tenant would have known what the marijuana was if someone had not pointed it out to him and that he probably took it to the police in order to find out the exact nature of the "mysterious flower" which was so important not to be cut. A State Trooper testified that marijuana was not indigenous to Calvert County but that it would grow readily if planted. The trial judge either accepted this testimony or took judicial notice of this fact and found both appellants guilty, saying that the amount of material was large enough to show an intent to distribute since a very small amount will make a cigarette; and the plants found on the premises would make a considerable number of cigarettes. While imposing sentences, the court stated he thought Mr. Puckett was probably the victim of his wife's activities but that Mr. Puckett was co-owner of the property and the court could not help but believe that it was grown with his knowledge and consent. The court indicated that possibly the second patch of plants may have sprouted from the first, but he did not think that the first grew without human attention.

In view of the undisputed presence of marijuana in sufficient quantity to make a large number of cigarettes, and the testimony accepted by the trier of the facts, that Mrs. Puckett protected the area in which the marijuana grew from being mowed along with the rest of the lawn, we cannot say that the trial judge was clearly erroneous in convicting Mrs. Puckett. We cannot make the same finding as to Mr. Puckett. The sole evidence incriminating him consisted of the presence of the plants on the property jointly owned by the appellants and on which they made their home. Although the trial judge did not in his opinion address himself to this question, there was testimony that Mr. Puckett spent most of his time on construction work in Pennsylvania. Ownership and exclusive possession of property may in some circumstances be sufficient to create a rational inference that the owner was in possession of a prohibited substance growing

thereon. However, we cannot here overlook the findings of the trial judge that Mrs. Puckett was the active party, and the total absence of evidence of Mr. Puckett's involvement. He may well have been guilty but the proof does not support it. See *Davis & Green v. State,* 9 Md. App. 48, 262 A. 2d 578, *Propst v. State,* 5 Md. App. 36, 245 A. 2d 88. We find his convictions were clearly erroneous.

Appellants also contend the trial court committed reversible error in denying a continuance on the morning of February 9, when they requested time to employ counsel. The record shows that on February 2, 1971, the trial judge denied a motion by Dallas S. Ward, their counsel, to withdraw his appearance. The petition recited he was employed on August 16, 1970, but that the agreed fee for his services had not been paid despite several requests. The petition further recited that on January 4, 1971, he advised the appellants by certified mail, that his fee must be paid before January 15, since the trial had been scheduled for February 9, that one of the appellants had advised him that payment would be made in full by January 20, but payment had never been made and that on January 27, he had mailed them a copy of the petition asking them that he be permitted to withdraw from the case. A copy of the letter and receipts showing delivery were attached to the petition. Thereafter, on February 5, Mr. Ward presented to the court a form of consent, signed by the Pucketts, that his appearance be stricken. The motion was then granted.

The case was called for trial on February 9. Appellants appeared in court with money to pay their attorney and requested a continuance. The court declined to grant the continuance in view of the length of time in which the appellants had had to pay their counsel and declined to appoint one because they were obviously financially able to do so.

Whether or not a continuance should be granted is always within the discretion of the trial judge, *Walter*

*v. State,* 4 Md. App. 373, 243 A. 2d 626, and this is true even though the result of the refusal may be to deprive the accused of counsel. See *Ungar v. Sarafite,* 376 U. S. 575, 589, 84 S. Ct. 841, 849, 11 L.Ed.2d 921. Of course, as that Court indicated, such a refusal could be so arbitrary as to violate due process. We have so indicated in our cases. *Walter v. State, supra, Clark and Richardson v. State,* 6 Md. App. 91 at pages 100-101. We see no such abuse of discretion in the present case. Appellants engaged counsel on August 16; the record shows that he was actively at work on the case at least by August 21. The appellants were notified by letter dated January 4, that their attorney expected to be paid by January 15 and that the trial was scheduled on February 9. They were again notified on January 27, but they delayed until the morning of the trial to contact the court, or their counsel, or to produce the money owed their counsel. Their claim that money was "tight" was too general to show that they actually could not have produced the money sooner; even if they could not have done so there is no reason why they could not have contacted the court prior to the morning of the trial. Under these circumstances we see no abuse of discretion.

Appellants finally contend that the court committed reversible error in permitting the state to amend the indictment. The second count of the indictment originally provided as follows: "And the Jurors aforesaid, upon their oath aforesaid, do further present that Jerry Paul Puckett and Lois Ann Puckett, late of Calvert County aforesaid, on the said day and the said year, in the County aforesaid, did unlawfully have in their possession a large quantity of a certain controlled dangerous substance, to wit: Marihuana, for the purpose of unlawfully distributing said controlled dangerous substance." After the amendment, the indictment reads as follows: "And the Jurors aforesaid, upon their oath aforesaid, do further present that Jerry Paul Puckett and Lois Ann Puckett, late of Calvert County aforesaid, on the said day and the said year, in the County aforesaid, did un-

lawfully have in their possession a certain controlled dangerous substance, to wit: Marihuana, in sufficient quantity to reasonably indicate an intent to distribute such controlled dangerous substance." Appellants concede that under Md. Rule 714 a an indictment may be amended as to form but allege this amendment was to substance because it failed, as originally drawn, to charge an offense under Md. Code, Article 27, § 286 (a) (1) which provides as follows:

> "(a) Except as authorized by this subheading, it shall be unlawful for any person:
>   (1) To manufacture, distribute, or dispense, or to possess a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute, or dispense a controlled dangerous substance."

They allege under *Baker v. State,* 6 Md. App. 148, 250 A. 2d 677, the indictment as originally drawn was faulty because it failed to allege every substantive element of the offense as defined by the statute. We are unable to see in the instant case where the amendment made any substantial change. We do not perceive such a vast difference between possessing a large quantity of marihuana "for the purpose of unlawfully distributing" it and the possession of a sufficient quantity to reasonably indicate an intent to distribute it. In either case, the quantity can indicate an intent to distribute. There is no merit in the argument.

> *Judgments affirmed as to Lois Ann Puckett.*
> *Judgments reversed as to Jerry Paul Puckett.*
> *Lois Ann Puckett and the Commissioners of Calvert County to each pay one-half the costs.*