JON BALLARD CROWLEY *v.*
STATE OF MARYLAND

[No. 136, September Term, 1974.]

*Decided April 3, 1975.*

418

The cause was argued before MORTON, POWERS and MENCHINE, JJ.

*Neal P. Myerberg, Assigned Public Defender,* for appellant.

*Martin M. Mrozinski, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, James L. Bundy, Assistant Attorney General,* and *John D. Bailey, State's Attorney for St. Mary's County,* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

In the jury trial in the Circuit Court for St. Mary's County, presided over by Judge Joseph A. Mattingly, the appellant, Jon Ballard Crowley, was convicted of the offenses charged in the first and third counts of a four count indictment against him.

The first count charged that on 23 October 1973 the appellant and two codefendants unlawfully possessed LSD, a controlled dangerous substance, in sufficient quantity to reasonably indicate under all the circumstances an intent to manufacture and distribute such controlled dangerous substance, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State. The third count of the indictment was in substantially the same words except that the controlled dangerous substance named was marijuana.

The second and fourth counts respectively charged simple

possession of each of those controlled dangerous substances without alleging any specific intent.

Questions presented in this appeal are stated in the appellant's brief as follows:

"1. Does the State of Maryland have jurisdiction over crimes committed upon federal property?

2. Was the possession of the marijuana seized from Appellant's vehicle prohibited by Maryland law?

3. Was the warrantless search of Appellant's vehicle one week after his arrest unreasonable and in violation of the Fourth Amendment?

4. Was the trial court in error in instructing the jury that an intent to distribute controlled dangerous substances may be inferred from the quantity seized? "

The first and fourth questions go to both convictions. The second question relates only to the charge of possession of marijuana, and the third question concerns only the charge of possession of LSD.

## Jurisdiction

Prior to trial appellant filed a motion to dismiss the indictment, stating as the ground, "That the alleged crimes set forth in the indictment were committed on or upon the Naval Air Station, Patuxent River, Maryland, a federal reservation, and not within the jurisdiction of this Court." After a separate hearing before the trial on the merits, the motion to dismiss the indictment was denied. At that hearing the appellant himself testified and offered additional evidence through an official of the Naval Air Station. The State presented evidence through Deputy Sheriff Ronald Clark.

Since the appellant's first question seems generally directed to the jurisdiction of the State to convict him on the charges made against him, and is not confined to the assertion of error by the trial judge in denying the pretrial

motion to dismiss the indictment, we shall recite briefly all of the facts in the case relevant to the question of jurisdiction as they appear throughout the entire record.

Deputy Sheriff Clark described how he had obtained a search warrant on 22 October 1973 which commanded the search of Jon Crowley and of a certain motor vehicle described in the warrant which belonged to Jon Crowley. On that evening he, along with Deputy Sheriff Charles Kerr and some other persons, waited for the arrival of Crowley and his automobile, which according to their information would be returning from a weekend trip to Kentucky.

At about 3:00 A.M. on 23 October 1973, they saw the described automobile at the intersection of Routes 235 and 246. The Crowley vehicle made a turn at a stop light toward the entrance to the main gate of the Naval Air Station. Deputy Sheriff Kerr, driving an official but unmarked automobile, turned on emergency equipment and flashing lights and got behind the Crowley automobile. Crowley stopped at the main gate of the Naval Air Station by the sentry. The deputy sheriff pulled around and stopped in front of the Crowley automobile so that it could not go any farther. Deputy Sheriff Clark went to the driver's side and Deputy Sheriff Kerr went to the passenger side. One or both of them identified themselves and ordered the occupants of the car to get out. Crowley got out the driver's side. A front seat passenger and a rear seat passenger got out on the right side. The deputies "patted down" the three young men. Clark said he smelled marijuana and looked in the automobile while a door was open and saw a brick of marijuana on the floor of the back seat. One of the deputies backed the Crowley automobile out of the entrance and onto the grounds of an adjoining public school, where there was an overhead street light. The others walked to the school yard.

According to the deputy sheriffs, the vehicle was searched there and the brick of marijuana in the back and a number of other items were found. The three young men were then arrested. Nothing material to the charges in this case was found on Crowley's person.

Deputy Sheriff Clark said that he impounded the automobile, took it to the Sheriff's office, and made a further search there. The search warrant and all of the associated papers were offered and received in evidence at the trial. The return, including the inventory of property taken pursuant to the search, was sworn to on 24 October 1973.

The vehicle was impounded, locked, and stored in the regular impoundment lot, which was maintained on a farm owned by the Sheriff. One week later, on 30 October 1973, Deputies Clark and Kerr made a further search of the automobile. In the trunk they found a large can of mechanics' cleansing soap and, imbedded in the soap, they found a vial containing many capsules of LSD.

The appellant did not testify at the trial on the general issue but he did testify at the hearing on the motion to dismiss the indictment. He said that at the point where he stopped at the gate of the Naval Air Station, a deputy sheriff handed him a search warrant. He also said that he and his companions were frisked and handcuffed there before they walked to the parking lot of the school. He said that he traveled through St. Mary's County and approached the Naval Air Station on Route 235. There was unrebutted evidence that the sentry gate was on federal property.

Some of the facts concerning the original confrontation between the appellant and the authorities were in dispute, but we feel that the question, as appellant puts it, whether the State of Maryland has jurisdiction over crimes committed upon federal property, is irrelevant. We shall assume that possession of LSD and possession of marijuana constitute violations of federal criminal statutes, and that Crowley was or would be subject to prosecution for possession of those substances at a place where the United States has exclusive territorial jurisdiction.

At argument below and here much was said about exclusive or concurrent jurisdiction on property of the United States within the State of Maryland. But it was not for federal crimes, nor for criminal acts committed within

federal jurisdiction that the grand jury for St. Mary's County indicted Crowley. He was indicted for violating, in St. Mary's County, the criminal laws of the State of Maryland.

The contraband substances upon which the convictions involved here were based were both seized in St. Mary's County, within the exclusive territorial jurisdiction of the State of Maryland, by deputies of the sheriff of St. Mary's County. The motor vehicle from which the substances were seized was observed by both deputies on public highways of the State, within the territorial jurisdiction of the State. A momentary departure from, followed by immediate return to that territorial jurisdiction, all closely observed by the officers, in no way erases the illegal possession which was taking place on a continuing basis prior to that departure.

The place and the moment of appellant's arrest, whether within or without the State's territorial jurisdiction, and whether a lawful or an unlawful arrest, are immaterial. Nothing taken from his person was offered in evidence. The legality of the seizures of contraband from appellant's automobile does not rest upon a search incident to an arrest.

The evidence shows that when the officers approached the automobile at the sentry gate they advised the occupants that they had a search warrant for the automobile. It further shows that at that location Deputy Clark smelled marijuana, and viewed, on the floor of the back seat, a brick of vegetable material which he thought was marijuana. No seizure was made, however, until the search of the vehicle, in the execution of the warrant, on the school parking lot, under the territorial jurisdiction of the State.

Appellant's argument that a search and seizure warrant issued by a Maryland judge has no extra-territorial effect [1]

---

1. We find it unnecessary to decide here the effect of statutes retaining the jurisdiction of the State in lands acquired by the United States, by condemnation or otherwise, to the fullest extent permitted by the Constitution of the United States, and specifically for the service or execution of all process, civil or criminal, of the courts of the State. See Code, Art. 96, §§ 17, 36, 47. See also Courts Art. § 6-101.

is sound, *Gattus v. State,* 204 Md. 589, 105 A. 2d 661 (1954); *Asner v. State,* 193 Md. 68, 65 A. 2d 881 (1949), but the premise for the argument is not sound. The premise is that the warrant was executed by a search and seizure on federal property. Regardless of what took place on federal land, it is clear to us from the evidence that the automobile was on land unquestionably within the territorial jurisdiction of the State when it was searched, and when numerous items of contraband found in that search, including the brick of marijuana, were seized.

We note that it is the asserted situs of the execution of the warrant, not its validity, that is questioned here.

We hold that the State had jurisdiction to indict and prosecute the appellant for violations, within the territorial jurisdiction of the State, of its laws relating to controlled dangerous substances. We hold further that the brick of marijuana which was received in evidence was lawfully seized from appellant's automobile.

We have indicated that we considered it to be irrelevant in this case whether appellant was arrested while he was on federal land, and if he was, whether the arrest was lawful or unlawful. In *Walker v. State,* 237 Md. 516, 206 A. 2d 795 (1965), the Court of Appeals said, at 519:

> "Moreover we have repeatedly held the fact that the arrest, even if illegal, would not of itself preclude a trial for and conviction of the offense charged. *Matthews v. State,* 237 Md. 384."

This Court has frequently stated and applied the same rule. In *Hammond v. State,* 7 Md. App. 588, 256 A. 2d 768 (1969), *cert. denied,* 256 Md. 745 (1970), we said, at 594:

> "It is settled that an illegal arrest does not affect the jurisdiction of the court, is not a ground for quashing the indictment, and does not preclude trial and conviction for the offense. *Jones v. State,* 5 Md. App. 489, 493 (1968)."

How appellant came or was brought from federal land to a place within the State's territorial jurisdiction is equally

irrelevant. Both federal and state decisions uniformly so hold. We said in *Swann v. State*, 7 Md. App. 309, 255 A. 2d 457 (1969), *cert. denied*, 256 Md. 748 (1970), at 310-11:

> "Swann was apprehended in the District of Columbia by District policemen and returned to Prince George's County by Prince George's detectives. Swann contends that since he was improperly returned to Maryland, the Circuit Court for Prince George's County lacked the necessary jurisdiction to try him.

> "The Supreme Court of the United States held in *Frisbie v. Collins*, 342 U. S. 519, 522, 72 S. Ct. 509, 511, 96 L. Ed. 541, *reh. denied* 343 U. S. 937, 72 S. Ct. 768, 96 L. Ed. 1344 that:

>> 'This Court has never departed from the rule announced in *Ker v. Illinois*, 119 U. S. 436, 444, 7 S. Ct. 225, 229, 30 L. Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction".'

> "The Court of Appeals of Maryland has followed *Ker v. Illinois, supra* and *Frisbie v. Collins, supra*, see *McGuire v. State*, 200 Md. 601, 92 A. 2d 582, *cert. den.* 344 U. S. 928, 73 S. Ct. 497, 97 L. Ed. 714, *Bell v. Warden*, 215 Md. 614, 137 A. 2d 118, and *Austin v. Director*, 237 Md. 314, 206 A. 2d 145 and cases cited therein."

### Instructions to the Jury

In his instructions to the jury, the trial judge read to them from Code, Art. 27, § 286, the introductory sentence and part (1) of subsection (a), which described the crime charged in the first and third counts of the indictment. The part read included the phrase, " * * * possess * * * in sufficient quantity to reasonably indicate under all circumstances an intent to * * * distribute * * * ".

Among several requests for additional instructions was a request by the State that the jury be told that quantity itself may indicate the intention. In supplemental instructions the judge added, over objection by the defense, the comment that in drawing inferences from facts proved which reasonably indicate under all circumstances the existence of the requirement of intent, the quantity in possession may indicate an intent to distribute. Appellant excepted, stating that the supplementary comment put too much emphasis on quantity, at the expense of "all underlying circumstances".

There was no error, and we see no undue emphasis.

Not only did the supplementary comment refer back to the original, the trial judge repeated the phrase, "under all circumstances", and added what we have said several times, that quantity may indicate an intent to distribute. *Ertwine v. State,* 18 Md. App. 619, 308 A. 2d 414, *cert. denied,* 270 Md. 738 (1973); *Williams v. State,* 15 Md. App. 320, 290 A. 2d 542 (1972); *Williams v. State,* 14 Md. App. 619, 287 A. 2d 803, *cert. denied,* 265 Md. 744 (1972); *Puckett v. State,* 13 Md. App. 584, 284 A. 2d 252 (1971), *cert. denied,* 265 Md. 742 (1972); *Graybeal v. State,* 13 Md. App. 557, 284 A. 2d 37 (1971).

## Identification of the Marijuana

Appellant argues that the marijuana seized from his automobile was not shown to be the variety proscribed by the Maryland statute. Code, Art. 27, § 277 (o) says that, " 'Marihuana' shall mean all parts of the plant Cannabis sativa L. * * *."

A forensic chemist who was called by the State as a witness, and who qualified as an expert, testified that he examined the brick of plant material, which was then identified as State's Exhibit No. 3. He said it weighed 426 grams, and that each of three different analyses he performed showed positive for marijuana. He also examined the contents of a plastic bag, State's Exhibit No. 4, which contained 19.262 grams of plant material. The same three tests each showed positive for marijuana.

On cross examination of the chemist appellant brought out that there are one or two other species of marijuana besides cannabis sativa. The witness said that he analyzed all marijuana as cannabis sativa, but he could not rule out that it would be one of the other two species. He said that in Exhibits 3 and 4 the material he examined was 90 per cent marijuana. In answer to a further question whether the marijuana he found was specifically the species known as cannabis sativa L, to the exclusion of the other two species, he answered, "To me it is all cannabis sativa L".

It is quite apparent that the weight to be given to the chemist's opinion may have been seriously impaired by his other testimony. But the weight of the evidence was for the jury to determine. The evidence was sufficient to permit the jury to find that the plant material seized from appellant's automobile was marijuana, as defined by law.

### Seizure of LSD in Delayed Search

The final search of appellant's automobile which resulted in the discovery and seizure of 240 tablets of LSD was made on an impoundment lot one week after the automobile was originally impounded. This search was not made under the authority of the search warrant which had been executed and returned. It was not made incident to an arrest, nor because of exigent circumstances. It was not made to take an inventory, nor to protect any personal property which may have been in the vehicle.

The search was, however, lawful under Code, Art. 27, § 297. Subsection (a) says,

> "The following shall be subject to forfeiture and no property right shall exist in them:
>
> (1) all controlled dangerous substances which have been manufactured, distributed, dispensed, acquired, or possessed in violation of the provisions of this subheading;

* * *

(4) all conveyances including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in (1) * * *."

Subsection (f) provides

"In exercising the authority to seize motor vehicles pursuant to this section the following standards shall be utilized:

(1) a motor vehicle used in violation of this section shall be seized and forfeiture recommended to the State's attorney when: * * *

(ii) although the violator has not sold or attempted to sell controlled dangerous substances in violation of this subtitle, an amount of such substances or paraphernalia is located which would reasonably indicate that sale is contemplated by the violator."

Under this statute the authorities were directed to seize the motor vehicle and recommend forfeiture. The record is silent as to any subsequent proceedings under the forfeiture statute, but we are concerned only with the rights of the sheriff's deputies on 30 October 1973 to make the search of the automobile then having been seized and impounded and subject to forfeiture.

In *Cooper v. California,* 386 U. S. 58, 87 S. Ct. 788, 17 L.Ed.2d 730 (1967), the police in California had made a warrantless search of an automobile one week after it had been in lawful custody pursuant to a forfeiture statute. The Supreme Court said, "We cannot hold unreasonable under the Fourth Amendment the examination or search of a car validly held by officers for use as evidence in a forfeiture proceeding."

Under the unusual circumstances here, we hold that the search which resulted in seizure of the LSD did not violate

428

any of the appellant's constitutional rights and that the LSD tablets were properly received in evidence.

*Judgments affirmed.*
*Appellant to pay costs.*