The defendant was indicted and convicted for the unlawful possession of "521 plants of Marijuana, three to ten feet tall" in violation of Section 20-2-70, Code of Alabama 1975. Sentence was four years' imprisonment imposed in the following manner: three months actual imprisonment in the county jail with the remaining three years and nine months on probation. *Page 1324 
 I
The crux of this appeal concerns the sufficiency of the State's evidence to connect the defendant with the growing marijuana. The scope of our review in determining the correctness of the trial court's ruling on a motion to exclude the State's evidence is limited to a consideration of the evidence which was before the trial court at the time the motion was made. McCloud v. State, 401 So.2d 314 (Ala.Cr.App. 1981). Testimony or evidence given after the State has rested its case and after the motion to exclude has been made cannot be used to support the jury's verdict. Grimes v. State,402 So.2d 1094 (Ala.Cr.App. 1981); McCoy v. State, 397 So.2d 577
(Ala.Cr.App.), cert. denied, 397 So.2d 589 (Ala. 1981).
An aerial survey of selected portions of Marion County revealed a field of marijuana growing behind the defendant's residence. Marion County Sheriff Floyd Long was flying over the area because he "had been informed" that the defendant "had been dealing in marijuana."
The small field of marijuana was located behind a barn approximately 125-150 feet from the defendant's back porch. The green marijuana was growing in between five to seven rows of corn which were 40-50 feet long. Law enforcement officers collected 521 marijuana plants, most of which were ten feet tall.
The Sheriff repeatedly described the area where the corn and marijuana were growing as a "garden". He testified that there "appeared to be a foot or two between the garden" and the mowed area of the yard. At the edge of the woods, approximately twenty to fifty feet behind the garden, were six marijuana plants that had been tied for drying.
The Sheriff testified that the garden had been cultivated and taken care of and had either been plowed with a tiller or hoed in the last couple of months, "but maybe not in the last few days." On cross examination, Sheriff Long stated that it had been a "good while" since the garden had been cultivated.
The defendant was not home when the marijuana was seized and was never seen in or near the garden. Sheriff Long had been told that the defendant owned the house and "assumed" that it was his "corn patch".
In arguing that the evidence was sufficient to support a reasonable inference that the defendant constructively possessed the marijuana, the Attorney General lists three factors:
 "— Evidence that he (defendant) had been dealing in marijuana.
 "— Evidence that 521 cultivated plants were growing in his garden; and
 "— Evidence that harvest of the marijuana had begun."
The Sheriff's testimony that he had been told that the defendant had been dealing in marijuana is not such a circumstance as will in and of itself provide a connection between the defendant and the contraband. Temple v. State,366 So.2d 740, 743 (Ala.Cr.App. 1979). This hearsay evidence would not even have supplied probable cause for the defendant's arrest. Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509,12 L.Ed.2d 723 (1964). The second and third factors listed above supply absolutely no connection whatsoever between the defendant and the marijuana.
As this Court recently noted in German v. State,429 So.2d 1138 (Ala.Cr.App. 1982), "proximity to illegal drugs (or) presence on the property where they are located . . . may be sufficient to support a finding of possession when accompaniedwith testimony connecting the accused with the incriminatingsurrounding circumstances." (emphasis added)
While the ownership and exclusive possession of the property on which the marijuana is found may warrant a jury in finding that the accused was growing the illegal plant, Puckett v.State, 13 Md. App. 584, 284 A.2d 252 (1971), the proof in this case does not rise to that level. Here, the evidence is notable for its lack of detail and for the absence of information connecting the defendant with the growing marijuana. *Page 1325 
Although the Sheriff "assumed" that the defendant planted the corn in the garden behind his house and yard, the State never attempted to establish who owned or possessed or had control over the property on which the marijuana was growing.
Reduced to fundamentals, all the State showed was that the defendant's residence abutted land on which marijuana was growing. This is analogous to those cases involving possession of illegal liquors, which are equally applicable to prosecutions for the possession of controlled substances.Temple, supra. "(T)he finding of liquor on the accused's premises in and of itself will not support a conviction without showing his knowledge or connection with it." Temple, 366 So.2d at 743. "This court has repeatedly held that the mere finding of a still in the vicinity of a man's home, with a trail or path leading therefrom in the direction of his home, without more, is not sufficient to meet the burden of proof resting upon the State and to justify the conviction of the accused (for possessing a still)." Whited v. State, 22 Ala. App. 492,493, 117 So. 396 (1928); Clark v. State, 18 Ala. App. 217,90 So. 16 (1921). See also Deas v. State, 44 Ala. App. 472,213 So.2d 412 (1968); Etheridge v. State, 42 Ala. App. 77,152 So.2d 689 (1963); Jones v. State, 18 Ala. App. 116, 90 So. 135 (1921). In Tuggle v. State, 19 Ala. App. 539, 98 So. 700 (1924), the court noted: "We do not mean to imply or to hold that, if the still had been located upon the lands owned or in the possession of the defendant, or under his control, that fact alone would be sufficient upon which to base a verdict of guilty of being in possession of the still. It would of course be a circumstance to be considered in connection with all the other facts, but, standing alone, without more to connect the defendant with the possession of the still, it would be utterly insufficient upon which to base a verdict of this character." Here, there was no showing that the marijuana plants were growing on the defendant's exclusively owned and occupied residential lot. Compare Heaton v. State, 139 Ga. App. 83,227 S.E.2d 854 (1976). There was no showing that the defendant owned and was in exclusive possession of the property on which the marijuana was growing. Puckett v. State, 13 Md. App. 584,284 A.2d 252 (1971).
At best, the testimony in this case merely raises a suspicion that the marijuana belonged to the defendant. Davidson v.State, 28 Ala. App. 151, 180 So. 129 (1938); Johnson v. State,35 Ala. App. 429, 48 So.2d 259, cert. denied, 254 Ala. 299,48 So.2d 261 (1950); Gibbs v. State, 91 Ga. App. 519, 86 S.E.2d 369
(1955).
"(N)o rule is more fundamental or better settled than that convictions cannot be predicated upon surmise, speculation, and suspicion to establish the accused's criminal agency in the offense charged." Benefield v. State, 286 Ala. 722, 724,246 So.2d 483 (1971). Here, the fact that the marijuana plants were in close proximity to the defendant's residence and the Sheriff's testimony that he had been told that the defendant had been dealing in marijuana merely showed a possibility that this defendant may have committed the offense. "However, the possibility that a thing may occur is not alone evidence even circumstantially, that the thing did occur." Parker v. State,280 Ala. 685, 691, 198 So.2d 261 (1967). "Beyond this possibility, resort must be had to surmise, speculation, and suspicion to establish the defendant's criminal agency in the offense charged." Parker, 280 Ala. at 692, 198 So.2d 261. Here, the facts and circumstances only give rise to a suspicion of guilt and are insufficient to support the conviction. Thomas v.State, 363 So.2d 1020 (Ala.Cr.App. 1978).
Although the evidence may have been sufficient to show potential control, there was no showing of the defendant's intention to exercise dominion and external manifestation of intent and control. All three elements are required for proof of possession. Williams v. State, 340 So.2d 1144, 1145
(Ala.Cr.App. 1976), cert. denied, 340 So.2d 1149 (Ala. 1977). Here, the evidence of the defendant's possession of marijuana was simply insufficient. Collins v. State, 391 So.2d 1078
(Ala.Cr.App. 1980); *Page 1326 Radke v. State, 292 Ala. 290, 293 So.2d 314 (Ala. 1974); Gassv. State, 372 So.2d 904 (Ala.Cr.App. 1979); Cook v. State,341 So.2d 183 (Ala.Cr.App. 1976); Williams v. State, 340 So.2d 1144
(Ala.Cr.App.), cert. denied, 340 So.2d 1149 (Ala. 1976);Shipman v. State, 51 Ala. App. 80, 282 So.2d 696, cert. denied,291 Ala. 484, 282 So.2d 700 (1973); Parks v. State, 46 Ala. App. 722, 248 So.2d 761 (1971). Cf. Fields v. State, 333 So.2d 861
(Ala.Cr.App. 1976).
The judgment of the circuit court is reversed and rendered.Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1
(1978).
REVERSED AND RENDERED.
All Judges concur.